**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| GENENTECH, INC. and CITY OF HOPE,<br><br>           Plaintiffs,<br><br>v.<br><br>AMGEN INC.,<br><br>           Defendant. | C.A. No. 18-924-GMS<br><br>REDACTED PUBLIC VERSION<br>FILED: JULY 2, 2018 |

## COMPLAINT

Plaintiffs Genentech, Inc. ("Genentech") and City of Hope (collectively, "Plaintiffs") bring this Complaint for declaratory and injunctive relief against Defendant Amgen Inc. ("Amgen") to address Amgen's infringement of patents relating to Genentech's groundbreaking breast cancer drug Herceptin®.

## NATURE OF THE CASE

1.      Breast cancer is a serious disease affecting over 2.8 million women in the United States. Approximately 20-25% of those women suffer from "HER2-positive" breast cancer. This is a particularly aggressive form of the disease characterized by overexpression of human epidermal growth factor receptor 2 (i.e., "HER2") proteins due to excessive HER2 gene amplification.

2.      In the early 1990s, a diagnosis of HER2-positive breast cancer was effectively a death sentence: patients had an average life expectancy of only 18 months. The quality of life for those patients was markedly poor—the disease rapidly metastasized (*i.e.*, spread to other parts of the body). The only available treatments were invasive and disfiguring surgery and

chemotherapeutic drugs with harsh side effects, and those treatments added little to the patient's life span.

3.      The treatment of HER2-positive breast cancer, and the lives of millions of women suffering from the disease, changed dramatically with Genentech's development of Herceptin®. Herceptin® was the first drug of its kind—an antibody called trastuzumab that specifically targeted the biological mechanism that makes HER2-positive breast cancer such an aggressive form of the disease.

4.      Although the scientific community was initially skeptical that such an antibody-based therapy could work, Genentech's specific methods of using Herceptin® proved remarkably effective.  Indeed, after Genentech revealed the results of its clinical studies, the scientific community hailed Herceptin® as "the beginning of a whole new wave of biological drugs that modulate the causes of cancer"[1] and a sign that "the whole field of cancer research has turned a corner."[2]

5.      Since FDA approval of Herceptin® in 1998, Genentech has worked diligently to develop new methods of using Herceptin®—including improved dosing schedules and broader indications—to expand access to therapy and improve the quality of life for millions of patients worldwide.  This research has greatly expanded the number of patients who are able to benefit from Herceptin®.  To further expand access to this lifesaving drug, Genentech also provides Herceptin® free of charge to patients who are uninsured or cannot afford treatment and assists with out-of-pocket prescription-related expenses.  All told, Genentech has spent over two decades, and billions of dollars, developing Herceptin® into the life-saving drug it is today.

---

[1] Gina Kolata and Lawrence M. Fisher, *Drugs to Fight Breast Cancer Near Approval*, NEW YORK TIMES (FRONT PAGE) (Sept. 3, 1998).

[2] Robert Langreth, *Breast-Cancer Drug Is Backed by FDA Panel*, Wall Street J. (Sept. 3, 1998).

ME1 27511836v.1

6. Genentech's groundbreaking work developing Herceptin® was the result of years of research from a group of talented scientists. The United States Patent and Trademark Office recognized that innovative work by granting Genentech numerous patents claiming Herceptin®, its manufacture, and its use. And as one of the pioneers in the biotechnology field, Genentech collaborated with scientists at research institutions such as the City of Hope to make foundational inventions, such as efficient techniques for making antibodies that can be used as drugs.

7. Seeking to profit from the success of Plaintiffs' innovations, Amgen is seeking FDA approval of a biosimilar version of Herceptin® called ABP 980. ABP 980 is a copycat product for which Amgen is seeking the same label indications and usage as Herceptin®. In fact, Amgen is relying upon Genentech's own studies demonstrating the safety and efficacy of Herceptin® to obtain approval of its biosimilar product.

8. In 2010, Congress provided a pathway for resolving patent disputes relating to biosimilar products through the Biologics Price Competition and Innovation Act ("BPCIA"). Amgen initially purported to follow the process outlined in the BPCIA, which requires biosimilar applicants and innovator companies to exchange certain information concerning the biosimilar product and the patents that may be infringed by the manufacture and sale of the biosimilar product. *See* 42 U.S.C. § 262(*l*).

9. Plaintiffs thus bring this action for infringement pursuant to 35 U.S.C. § 271(e)(2) based upon Amgen's submission of its aBLA for ABP 980. Plaintiffs also seek a declaratory judgment pursuant to 42 U.S.C. § 262(*l*)(9) and 28 U.S.C. § 2201 that the manufacture, use, offer to sell, sale, or importation into the United States of Amgen's biosimilar product would infringe the patents described below. Pursuant to 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), and/or 35 U.S.C. § 283, Plaintiffs also seek a preliminary and/or permanent

injunction barring Amgen's manufacture, use, offer to sell, sale, or importation of its biosimilar product prior to the expiration of those patents. In the event that Amgen imports, manufactures, or launches its biosimilar product, and/or otherwise practices the patented inventions in the United States prior to the expiration of those patents, Plaintiffs also seek monetary damages, including lost profits, and any further relief as this Court may deem just and proper.

## PARTIES

10.     Plaintiff Genentech is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters at 1 DNA Way, South San Francisco, California 94080.

11.     Genentech was founded in 1976 and for four decades has been at the forefront of innovation in the field of therapeutic biotechnology. Today, Genentech employs a large number of researchers, scientists, and post-doctoral staff members who routinely publish in top peer-reviewed journals and are among the leaders in total citations to their work by researchers. Genentech currently markets numerous approved pharmaceutical and biologic drugs for a range of serious or life-threatening medical conditions, including various forms of cancer, heart attacks, strokes, rheumatoid arthritis, and respiratory diseases.

12.     Plaintiff City of Hope is a California not-for-profit organization, with its principal place of business at 1500 East Duarte Road, Duarte, California 91010.

13.     Founded in 1913, the City of Hope is a leading research hospital that incorporates cutting-edge research into patient care for cancer, diabetes, and other serious diseases.

14.     Upon information and belief, Defendant Amgen is a company organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California 91320.

ME1 27511836v.1

15.     Amgen is, among other things, engaged in the development of biologic drugs, including a proposed biosimilar version of Genentech's Herceptin® product, ABP 980 ("Amgen's aBLA product").  Upon information and belief, Amgen's aBLA product will be distributed and sold in the State of Delaware and throughout the United States.

## JURISDICTION AND VENUE

16.     This action arises under the BPCIA, 42 U.S.C. § 262(*l*) and the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

17.     Venue is proper with respect to Amgen in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Amgen is incorporated in Delaware.

18.     This Court has personal jurisdiction over Amgen because it is incorporated in Delaware.  In addition, among other things, Amgen has filed an Abbreviated Biologics License Application ("aBLA") for ABP 980 with the FDA seeking approval to market it, which reliably indicates that it will market its proposed biosimilar product in Delaware if approved.

## THE PARTIES' EXCHANGES UNDER THE BPCIA

19.     On July 31, 2017, Amgen announced that it had submitted an aBLA for ABP 980 to the FDA seeking approval for the commercial manufacture, use, offer for sale, or sale of the Amgen aBLA product, a biosimilar version of trastuzumab, which is subject to BLA No. 103792 to Genentech.[3]

20.     The FDA accepted Amgen's aBLA for review ███████████████

---

[3] http://www.amgen.com/media/news-releases/2017/07/amgen-and-allergan-submit-biosimilar-biologics-license-application-for-abp-980-to-us-food-and-drug-administration/

ME1 27511836v.1

21.     On October 16, 2017, Amgen provided Genentech with a copy of Amgen's aBLA, which included a small amount of manufacturing information.

22.     On November 3, 2017, Amgen provided Genentech with additional manufacturing information regarding Amgen's aBLA product.

23.     Genentech responded on November 20, 2017, to identify deficiencies in Amgen's production of manufacturing information and request specific information concerning the manufacture of Amgen's biosimilar product. Amgen provided additional manufacturing information on December 1, 2017, and December 4, 2017, but did not satisfy its disclosure obligations. Genentech then responded on December 15, 2017, to explain that Amgen's production was deficient in that it failed to provide all of the requested information in contravention of 42 U.S.C. § 262(*l*)(2).

24.     Amgen did not disclose all of the information relevant to establishing whether the manufacture of Amgen's aBLA product will infringe each of the patents identified on Genentech's operative list pursuant to 42 U.S.C. § 262(*l*)(3)(A), despite Genentech's request that Amgen provide sufficient "other information that describes the process or processes used to manufacture" as required by 42 U.S.C. § 262(*l*)(A). Amgen's failure to provide sufficient information under those circumstances justifies Genentech's contention that manufacturing Amgen's aBLA product will infringe such patents.

25.     Despite Amgen's non-compliance (and without waiving Genentech's objection to such non-compliance), Genentech provided its operative list of 36 patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) on December 15, 2017.

ME1 27511836v.1

26. Amgen replied on December 20, 2017, to assert its position that it had complied with its disclosure obligations based on Amgen's earlier production of its aBLA and two manufacturing documents.

27. Genentech responded on December 27, 2017, to reiterate that Amgen's production was insufficient to provide Genentech with a complete understanding of Amgen's trastuzumab manufacturing process.

28. Amgen replied on February 1, 2018, with an additional supplemental production.

29. On February 6, 2018, Genentech supplemented its § 262(*l*)(3)(A) list to include a newly issued manufacturing patent: U.S. Patent No. 9,868,760.

30. On February 13, 2018, Amgen purported to provide its detailed statement concerning non-infringement and invalidity pursuant to 42 U.S.C. § 262(*l*)(3)(B) ("Amgen's 3B Statement"). Amgen's 3B Statement was deficient in numerous ways. For example, it—like Amgen's document productions—failed to fully describe Amgen's manufacturing process, such that Genentech was unable to evaluate many of Amgen's non-infringement arguments.

31. On ███████████, ███████████, and ███████████, Amgen produced additional documents regarding ████████████████████████████████████████ ███████. These supplemental productions still failed to fully describe Amgen's manufacturing process.

32. On April 13, 2018, and subject to its objections, Genentech provided its response to Amgen's 3C Statement pursuant to 42 U.S.C. § 262(*l*)(3)(C) ("Genentech's 3C Statement"). Genentech included responses to Amgen's non-infringement and invalidity statements for each of the patents addressed in Amgen's 3B Statement and maintained that ABP 980 will infringe at

least 18 Genentech patents.  With its 3C Statement, Genentech proposed that Amgen agree that all 18 of these patents be included in a first-phase infringement action under § 262(*l*)(6).

33.     On ███████████, and ███████████, Amgen produced additional documents regarding ████████████████████████████████████████████.  These supplemental productions still failed to fully describe Amgen's manufacturing process.

34.     After Genentech served its 3C Statement, the parties initiated negotiations under § 262(*l*)(4).  On May 23, 2018, Genentech and Amgen agreed that the 37 patents addressed in the exhibits to Genentech's 3C Statement shall be the subject of an action for patent infringement under § 262(*l*)(6).

35.     In light of the parties' agreement, § 262(*l*)(6)(A) required Genentech to bring an action for patent infringement with respect to each of the 37 patents that were part of the parties' agreement.  This action is Genentech's action pursuant to § 262(*l*)(6)(A).

36.     On ███████████████████████████████████████████████ ███████, Amgen purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it intends to commence commercial marketing of ABP 980 in the United States no earlier than 180 from ███████████ (i.e., ███████████).

## AMGEN'S aBLA PRODUCT

37.     Amgen has publicly stated that its aBLA product is biosimilar to Herceptin®.  For example, Amgen has issued press releases claiming that ABP 980 is "a biosimilar candidate to Herceptin®" and "ABP 980 is a biosimilar candidate to trastuzumab,"[4] and it has announced the

---

[4] http://www.amgen.com/media/news-releases/2017/07/amgen-and-allergan-submit-biosimilar-biologics-license-application-for-abp-980-to-us-food-and-drug-administration/

results of an Amgen study that purports to conclude that "[e]fficacy, safety and immunogenicity data support ABP 980 as a trastuzumab biosimilar."[5]

38.    Given Amgen's claim of biosimilarity, Amgen's aBLA product must "utilize the same mechanism or mechanisms of action [as Herceptin®] for the condition or conditions of use prescribed, recommended, or suggested in the proposed labeling." 42 U.S.C. § 262(k)(2)(A)(i)(II).

39.    Under 35 U.S.C. § 271(e)(2)(C), Amgen has committed a statutory act of patent infringement with respect to patents identified by Genentech under 42 U.S.C. § 262(*l*)(3), through the submission of its aBLA application for ABP 980.

## GENENTECH'S ASSERTED PATENTS

40.    Genentech has spent over two decades and significant resources developing Herceptin®, and the USPTO has awarded to Genentech numerous patents on innovations resulting from this massive undertaking. These patents cover the antibody trastuzumab, along with its manufacture and use.

41.    Through the parties' exchange of information pursuant to the BPCIA, Genentech identified the following patents for which Genentech reasonably believed that it could assert a claim of infringement with respect to ABP 980, based upon the information that Genentech had available to it at the time: U.S. Patent No. 6,331,415, U.S. Patent No. 7,923,221, U.S. Patent No. 6,407,213, U.S. Patent No. 7,846,441, U.S. Patent No. 7,892,549, U.S. Patent No. 6,627,196, U.S. Patent No. 7,371,379, U.S. Patent No. 6,417,335, U.S. Patent No. 6,489,447, U.S. Patent No. 9,249,218, U.S. Patent No. 8,574,869, U.S. Patent No. 6,620,918, U.S. Patent No. 8,691,232,

---

[5] https://www.amgen.com/media/news-releases/2017/09/amgen-and-allergan-present-phase-3-data-on-biosimilar-trastuzumab-candidate-abp-980-at-the-european-society-for-medical-oncology-2017-congress/

U.S. Patent No. 8,771,988, U.S. Patent No. 9,428,766, U.S. Patent No. 9,487,809, U.S. Patent No. 7,449,184, U.S. Patent No. 7,501,122, U.S. Patent No. 7,993,834, U.S. Patent No. 8,076,066, U.S. Patent No. 8,425,908, U.S. Patent No. 8,440,402, U.S. Patent No. 8,460,895, U.S. Patent No. 6,121,428, U.S. Patent No. 6,242,177, U.S. Patent No. 6,586,206, U.S. Patent No. 8,044,017, U.S. Patent No. 8,710,196, U.S. Patent No. 9,493,744, U.S. Patent No. 6,870,034, U.S. Patent No. 8,357,301, U.S. Patent No. 9,047,438, U.S. Patent No. 9,080,183, U.S. Patent No. 8,314,225, U.S. Patent No. 8,512,983, U.S. Patent No. 9,714,293, and U.S. Patent No. 9,868,760.

### The Cabilly Patents

42. U.S. Patent Nos. 6,331,415 and 7,923,221 (collectively, the "Cabilly Patents") describe and claim a process for producing monoclonal antibodies, such as Herceptin®, from recombinant DNA. This effective and efficient process applies a novel co-expression technique to produce antibody heavy and light chains in a single host cell, and has given rise to an entire industry of therapeutic monoclonal antibodies.

43. U.S. Patent No. 6,331,415 ("the '415 patent"), titled "Methods of Producing Immunoglobulins, Vectors and Transformed Host Cells for Use Therein," was duly and legally issued by the Patent Office on December 18, 2001. A true and correct copy of the '415 patent is attached as Exhibit A. Genentech and the City of Hope are the owners by assignment of the '415 patent.

44. U.S. Patent No. 7,923,221 ("the '221 patent"), titled "Methods of Making Antibody Heavy and Light Chains Having Specificity for a Desired Antigen," was duly and legally issued by the Patent Office on April 12, 2011. A true and correct copy of the '221 patent is attached as Exhibit B. Genentech and the City of Hope are the owners by assignment of the '221 patent.

## The '213 Patent

45.     U.S. Patent No. 6,407,213 ("the '213 patent") claims the Herceptin® antibody itself, along with other humanized monoclonal antibodies.  The inventors of the '213 patent discovered that by grafting the key parts of a mouse antibody onto a human antibody consensus sequence, they could create antibodies that were both tolerated by the immune system and effective to treat diseases like HER2-positive breast cancer.  The techniques described in the '213 patent allowed scientists to efficiently design antibodies for specific disease targets by modifying mouse antibodies produced in the laboratory in specific ways so that they are compatible with a human immune system.

46.     The '213 patent, titled "Method for Making Humanized Antibodies," was duly and legally issued by the Patent Office on June 18, 2002.  A true and correct copy of the '213 patent is attached as Exhibit C.  Genentech is the owner by assignment of the '213 patent.

## The Combination Chemotherapy Patents

47.     U.S. Patent No. 7,846,441 ("the '441 patent"), claims the administration of Herceptin® in combination with a chemotherapy agent known as a taxoid, in the absence of an anthracycline derivative (another chemotherapy agent) in an amount effective to extend time to disease progression without overall increase in severe adverse events.  This specific method of treatment unexpectedly resulted in a significant improvement in patient outcomes.  It nearly doubled the time until disease progression compared to treatment using a taxoid alone, and it also avoided the serious cardiotoxicity associated with Herceptin® in combination with anthracycline derivatives that unexpectedly presented during the Herceptin® clinical trials.

ME1 27511836v.1

48.     The '441 patent, titled "Treatment with Anti-ErbB2 Antibodies," was duly and legally issued by the Patent Office on December 7, 2010. A true and correct copy of the '441 patent is attached as Exhibit D. Genentech is the owner by assignment of the '441 patent.

49.     U.S. Patent No. 7,892,549 ("the '549 patent") is a continuation to the '441 patent that claims a method of treating a patient with HER2-positive breast cancer by administering Herceptin® in combination with a taxoid and a further growth inhibitory agent or further therapeutic agent.

50.     The '549 patent, titled "Treatment with Anti-ErbB2 Antibodies," was duly and legally issued by the Patent Office on February 22, 2011. A true and correct copy of the '549 patent is attached as Exhibit E. Genentech is the owner by assignment of the '549 patent.

51.     U.S. Patent No. 8,425,908 ("the '908 patent"), claims priority to the same provisional application as the '441 and '549 patents. The '908 patent claims a method of treating a patient with HER2-positive gastric cancer by administering Herceptin® in combination with chemotherapy and in the absence of an anthracycline derivative.

52.     The '908 patent, titled "Treatment with Anti-ErbB2 Antibodies," was duly and legally issued by the Patent Office on April 23, 2013. A true and correct copy of the '908 patent is attached as Exhibit F. Genentech is the owner by assignment of the '908 patent.

### The Method of Administration Patents

53.     U.S. Patent Nos. 6,627,196 and 7,371,379 (collectively, the "Method of Administration Patents") generally cover the most common administration method for Herceptin®: an initial dose of 8 mg/kg, followed by 6 mg/kg doses once every three weeks. Herceptin® was initially approved for administration on a weekly regimen, but Genentech discovered that the drug could be dosed only once every three weeks without reducing safety or

effectiveness. The discovery of three-weekly dosing has had a marked impact on patients' quality of life by providing the same life-saving effects of Herceptin® while allowing patients to receive treatment less frequently.

54. U.S. Patent No. 6,627,196 ("the Baughman '196 patent"), titled "Dosages for Treatment with Anti-ErbB2 Antibodies," was duly and legally issued by the Patent Office on September 30, 2003. A true and correct copy of the Baughman '196 patent is attached as Exhibit G. Genentech is the owner by assignment of the Baughman '196 patent.

55. U.S. Patent No. 7,371,379 ("the '379 patent"), titled "Dosages for Treatment with Anti-ErbB2 Antibodies," was duly and legally issued by the Patent Office on May 13, 2008. A true and correct copy of the '379 patent is attached as Exhibit H. Genentech is the owner by assignment of the '379 patent.

### The Acidic Variants Patents

56. U.S. Patent Nos. 6,417,335, 6,489,447, and 9,249,218 (collectively, the "Acidic Variants Patents") cover compositions with reduced amounts of more acidic structural variants of trastuzumab ("acidic variants") and chromatographic processes for removing these acidic variants during purification. Some trastuzumab acidic variants have lower potency than trastuzumab itself. The Acidic Variants Patents describe and claim chromatographic processes and compositions that ensure the Herceptin® drug product is uniformly pure and effective.

57. U.S. Patent No. 6,417,335 ("the '335 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on July 9, 2002. A true and correct copy of the '335 patent is attached as Exhibit I. Genentech is the owner by assignment of the '335 patent.

58. U.S. Patent No. 6,489,447 ("the '447 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on December 3, 2002. A true and correct copy of

ME1 27511836v.1

the '447 patent is attached as Exhibit J.  Genentech is the owner by assignment of the '447 patent.

59.     U.S. Patent No. 9,249,218 ("the '218 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on February 2, 2016.  A true and correct copy of the '218 patent is attached as Exhibit K.  Genentech is the owner by assignment of the '218 patent.

## Combination Therapy with Perjeta

60.     U.S. Patent Nos. 7,501,122, 7,449,184, and 8,691,232 claim novel therapies combining trastuzumab with another anti-HER2 antibody developed by Genentech called pertuzumab.  That combination therapy is a common method of treatment for HER2-positive breast cancer patients involving Herceptin®.

61.     U.S. Patent No. 7,501,122 ("the '122 patent"), titled "Treatment with Anti-ErbB2 Antibody Combinations," was duly and legally issued by the Patent Office on March 10, 2009.  A true and correct copy of the '122 patent is attached as Exhibit L.  Genentech is the owner by assignment of the '122 patent.

62.     U.S. Patent No. 7,449,184 ("the '184 patent"), titled "Fixed Dosing of HER Antibodies," was duly and legally issued by the Patent Office on November 11, 2008.  A true and correct copy of the '184 patent is attached as Exhibit M.  Genentech is the owner by assignment of the '184 patent.

63.     U.S. Patent No. 8,691,232 ("the '232 patent"), titled "Extending Time to Disease Progression or Survival in Cancer Patients," was duly and legally issued by the Patent Office on April 8, 2014.  A true and correct copy of the '232 patent is attached as Exhibit N.  Genentech is the owner by assignment of the '232 patent.

ME1 27511836v.1

**HER2 Diagnostic Patents**

64.     U.S. Patent Nos. 7,993,834, 8,076,066, and 8,440,402 claim novel techniques for identifying patients who might benefit from trastuzumab therapy using gene amplification techniques even where immunohistochemistry techniques suggest that the patient may not overexpress HER2.

65.     U.S. Patent No. 7,993,834 ("the '834 patent"), titled "Detection of ErbB2 Gene Amplification to Increase the Likelihood of the Effectiveness of ErbB2 Antibody Breast Cancer Therapy," was duly and legally issued by the Patent Office on August 9, 2011. A true and correct copy of the '834 patent is attached as Exhibit O. Genentech is the owner by assignment of the '834 patent.

66.     U.S. Patent No. 8,076,066 ("the '066 patent"), titled "Gene Detection Assay for Improving the Likelihood of an Effective Response to a HER2 Antibody Cancer Therapy," was duly and legally issued by the Patent Office on December 13, 2011. A true and correct copy of the '066 patent is attached as Exhibit P. Genentech is the owner by assignment of the '066 patent.

67.     U.S. Patent No. 8,440,402 ("the '402 patent"), titled "Gene Detection Assay for Improving the Likelihood of an Effective Response to a HER2 Antibody Cancer Therapy," was duly and legally issued by the Patent Office on May 14, 2013. A true and correct copy of the '402 patent is attached as Exhibit Q. Genentech is the owner by assignment of the '402 patent.

**Cell Culture, Purification, and Antibody Manufacturing Patents**

68.     U.S. Patent Nos. 6,121,428, 6,242,177, 6,586,206, 6,620,918, 6,870,034, 8,044,017, 8,314,225, 8,357,301, 8,460,895, 8,512,983, 8,574,869, 8,710,196, 8,771,988, 9,047,438, 9,080,183, 9,428,766, 9,487,809, 9,493,744, 9,714,293, and 9,868,760 claim novel

techniques developed by Genentech relating to various aspects of cell culture, purification, and antibody purification.

69.     U.S. Patent No. 6,121,428 ("the '428 patent"), titled "Protein Recovery," was duly and legally issued by the Patent Office on September 19, 2000.  A true and correct copy of the '428 patent is attached as Exhibit R.  Genentech is the owner by assignment of the '428 patent.

70.     U.S. Patent No. 6,242,177 ("the '177 patent"), titled "Methods and Compositions for Secretion of Heterologous Polypeptides," was duly and legally issued by the Patent Office on June 5, 2001.  A true and correct copy of the '177 patent is attached as Exhibit S.  Genentech is the owner by assignment of the '177 patent.

71.     U.S. Patent No. 6,586,206 ("the '206 patent"), titled "Methods for Making Recombinant Proteins Using Apoptosis Inhibitors," was duly and legally issued by the Patent Office on July 1, 2003.  A true and correct copy of the '206 patent is attached as Exhibit T. Genentech is the owner by assignment of the '206 patent.

72.     U.S. Patent No. 6,620,918 ("the '918 patent"), titled "Separation of Polypeptide Monomers," was duly and legally issued by the Patent Office on September 16, 2003.  A true and correct copy of the '918 patent is attached as Exhibit U.  Genentech is the owner by assignment of the '918 patent.

73.     U.S. Patent No. 6,870,034 ("the '034 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on March 22, 2005.  A true and correct copy of the '034 patent is attached as Exhibit V.  Genentech is the owner by assignment of the '034 patent.

74.     U.S. Patent No. 8,044,017 ("the '017 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on October 25, 2011.  A true and correct copy of the '017 patent is attached as Exhibit W.  Genentech is the owner by assignment of the '017 patent.

75.     U.S. Patent No. 8,314,225 ("the '225 patent"), titled "Heavy Chain Mutant Leading to Improved Immunoglobulin Production," was duly and legally issued by the Patent Office on November 20, 2012.  A true and correct copy of the '225 patent is attached as Exhibit X.  The '225 patent is assigned to Hoffmann-La Roche Inc. ("HLR"), and Genentech is the exclusive licensee with the right to enforce the '225 patent.

76.     U.S. Patent No. 8,357,301 ("the '301 patent"), titled "Chromatography Equipment Characterization," was duly and legally issued by the Patent Office on January 22, 2013.  A true and correct copy of the '301 patent is attached as Exhibit Y.  The '301 patent is assigned to HLR, and Genentech is the exclusive licensee with the right to enforce the '301 patent.

77.     U.S. Patent No. 8,460,895 ("the '895 patent"), titled "Method for Producing Recombinant Proteins with a Constant Content of $pCO_2$ in the Medium," was duly and legally issued by the Patent Office on June 11, 2013.  A true and correct copy of the '895 patent is attached as Exhibit Z.  The '895 patent is assigned to HLR, and Genentech is the exclusive licensee with the sole right to enforce the '895 patent.

78.     U.S. Patent No. 8,512,983 ("the '983 patent"), titled "Production of Proteins in Glutamine-Free Cell Culture Media," was duly and legally issued by the Patent Office on August 20, 2013.  A true and correct copy of the '983 patent is attached as Exhibit AA.  Genentech is the owner by assignment of the '983 patent.

79.     U.S. Patent No. 8,574,869 ("the '869 patent"), titled "Prevention of Disulfide Bond Reduction During Recombinant Production of Polypeptides," was duly and legally issued

ME1 27511836v.1

by the Patent Office on November 5, 2013. A true and correct copy of the '869 patent is attached as Exhibit BB. Genentech is the owner by assignment of the '869 patent.

80. U.S. Patent No. 8,710,196 ("the cell culture '196 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on April 29, 2014. A true and correct copy of the cell culture '196 patent is attached as Exhibit CC. Genentech is the owner by assignment of the cell culture '196 patent.

81. U.S. Patent No. 8,771,988 ("the '988 patent"), titled "Protein Expression From Multiple Nucleic Acids," was duly and legally issued by the Patent Office on July 8, 2014. A true and correct copy of the '988 patent is attached as Exhibit DD. The '988 patent is assigned to HLR, and Genentech is the exclusive licensee with the sole right to enforce the '988 patent.

82. U.S. Patent No. 9,047,438 ("the '438 patent"), titled "Chromatography Equipment Characterization," was duly and legally issued by the Patent Office on June 2, 2015. A true and correct copy of the '438 patent is attached as Exhibit EE. The '438 patent is assigned to HLR, and Genentech is the exclusive licensee with the right to enforce the '438 patent.

83. U.S. Patent No. 9,080,183 ("the '183 patent"), titled "Promoter," was duly and legally issued by the Patent Office on July 14, 2015. A true and correct copy of the '183 patent is attached as Exhibit FF. The '183 patent is assigned to HLR, and Genentech is the exclusive licensee with the right to enforce the '183 patent.

84. U.S. Patent No. 9,428,766 ("the '766 patent"), titled "Protein Expression From Multiple Nucleic Acids," was duly and legally issued by the Patent Office on August 30, 2016. A true and correct copy of the '766 patent is attached as Exhibit GG. The '766 patent is assigned to HLR, and Genentech is the exclusive licensee with the sole right to enforce the '766 patent.

85.     U.S. Patent No. 9,487,809 ("the '809 patent"), titled "Decreasing Lactate Level and Increasing Polypeptide Production by Downregulating the Expression of Lactate Dehydrogenase and Pyruvate Dehydrogenase Kinase," was duly and legally issued by the Patent Office on November 8, 2016.  A true and correct copy of the '809 patent is attached as Exhibit HH.  Genentech is the owner by assignment of the '809 patent.

86.     U.S. Patent No. 9,493,744 ("the '744 patent"), titled "Methods for Viral Inactivation and Other Adventitious Agents," was duly and legally issued by the Patent Office on November 15, 2016.  A true and correct copy of the '744 patent is attached as Exhibit II. Genentech is the owner by assignment of the '744 patent.

87.     U.S. Patent No. 9,714,293 ("the '293 patent"), titled "Production of Proteins in Glutamine-Free Cell Culture Media," was duly and legally issued by the Patent Office on July 25, 2017.  A true and correct copy of the '293 patent is attached as Exhibit JJ.  Genentech is the owner by assignment of the '293 patent.

88.     U.S. Patent No. 9,868,760 ("the '760 patent"), titled "Protein Purification," was duly and legally issued by the Patent Office on January 16, 2018.  A true and correct copy of the '760 patent is attached as Exhibit KK.  Genentech is the owner by assignment of the '760 patent.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,331,415

89.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

90.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Plaintiffs believe that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Plaintiffs if a person not licensed by Plaintiffs engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '415 patent.

– 19 –

Genentech included the '415 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '415 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

91.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '415 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '415 patent under 35 U.S.C. § 271(e)(2)(C)(i).

92.     Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Plaintiffs reasonably believe that Amgen will infringe the '415 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

93.     Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '415 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

94.     Amgen has knowledge of and is aware of the '415 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this

Complaint. Amgen's infringement of the '415 patent is willful.

95.     Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '415 patent. Plaintiffs have no adequate remedy at law.

96.     Plaintiffs are entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,923,221

97.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

98.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Plaintiffs believe that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Plaintiffs if a person not licensed by Plaintiffs engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '221 patent. Genentech included the '221 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '221 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

99.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '221 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '221 patent under 35 U.S.C. § 271(e)(2)(C)(i).

100.    Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Plaintiffs reasonably believe that Amgen will infringe the '221 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement.  Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

101.    Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '221 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

102.    Amgen has knowledge of and is aware of the '221 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint.  Amgen's infringement of the '221 patent is willful.

103.    Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '221 patent.  Plaintiffs have no adequate remedy at law.

104.    Plaintiffs are entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

# COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,407,213

105. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

106. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '213 patent. Genentech included the '213 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '213 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

107. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '213 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '213 patent under 35 U.S.C. § 271(e)(2)(C)(i).

108. Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '213 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence

commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

109.    Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '213 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

110.    Amgen has knowledge of and is aware of the '213 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the '213 patent is willful.

111.    Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '213 patent. Genentech has no adequate remedy at law.

112.    Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,846,441

113.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

114.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '441

patent. Genentech included the '441 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '441 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

115.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '441 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '441 patent under 35 U.S.C. § 271(e)(2)(C)(i).

116.    Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '441 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

117.    Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '441 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

118.    Amgen has knowledge of and is aware of the '441 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this

Complaint. Amgen's infringement of the '441 patent is willful.

119. By the filing of an aBLA that, on information and belief, includes a proposed package insert having directions that instruct patients to administer and/or use and medical practitioners to prescribe and/or administer the Amgen aBLA product, Amgen has an affirmative intent to actively induce infringement by others of one or more claims of the '441 patent, either literally or under the doctrine of equivalents.

120. Upon information and belief, Amgen is aware, have knowledge, and/or are willfully blind to the fact that patients will administer and/or use and medical practitioners will prescribe and/or administer the Amgen aBLA product according to Amgen's proposed package insert and, therefore, will directly infringe at least one claim of the '441 patent, either literally or under the doctrine of equivalents.

121. Upon information and belief, Amgen knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '441 patent, either literally or under the doctrine of equivalents, by at least Amgen's proposed package insert for the Amgen aBLA product.

122. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '441 patent. Genentech has no adequate remedy at law.

123. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

# COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,892,549

124.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

125.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '549 patent. Genentech included the '549 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '549 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

126.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '549 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '549 patent under 35 U.S.C. § 271(e)(2)(C)(i).

127.    Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '549 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence

commercial marketing of ABP 980 in the United States as early as ███████. *See supra* ¶ 36.

128.    Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '549 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

129.    Amgen has knowledge of and is aware of the '549 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint.  Amgen's infringement of the '549 patent is willful.

130.    By the filing of an aBLA that, on information and belief, includes a proposed package insert having directions that instruct patients to administer and/or use and medical practitioners to prescribe and/or administer the Amgen aBLA product, Amgen has an affirmative intent to actively induce infringement by others of one or more claims of the '549 patent, either literally or under the doctrine of equivalents.

131.    Upon information and belief, Amgen is aware, have knowledge, and/or are willfully blind to the fact that patients will administer and/or use and medical practitioners will prescribe and/or administer the Amgen aBLA product according to Amgen's proposed package insert and, therefore, will directly infringe at least one claim of the '549 patent, either literally or under the doctrine of equivalents.

132.    Upon information and belief, Amgen knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '549 patent, either literally or under the doctrine of equivalents, by at least Amgen's proposed package insert for the Amgen aBLA product.

ME1 27511836v.1

133. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '549 patent. Genentech has no adequate remedy at law.

134. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 8,425,908

135. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

136. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '908 patent. Genentech included the '908 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '908 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

137. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '908 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '908 patent under 35 U.S.C. § 271(e)(2)(C)(i).

138.  Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '908 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement.  Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

139.  Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '908 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

140.  Amgen has knowledge of and is aware of the '908 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint.  Amgen's infringement of the '908 patent is willful.

141.  By the filing of an aBLA that, on information and belief, includes a proposed package insert having directions that instruct patients to administer and/or use and medical practitioners to prescribe and/or administer the Amgen aBLA product, Amgen has an affirmative intent to actively induce infringement by others of one or more claims of the '908 patent, either literally or under the doctrine of equivalents.

142.  Upon information and belief, Amgen is aware, have knowledge, and/or are willfully blind to the fact that patients will administer and/or use and medical practitioners will

ME1 27511836v.1

prescribe and/or administer the Amgen aBLA product according to Amgen's proposed package insert and, therefore, will directly infringe at least one claim of the '908 patent, either literally or under the doctrine of equivalents.

143. Upon information and belief, Amgen knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '908 patent, either literally or under the doctrine of equivalents, by at least Amgen's proposed package insert for the Amgen aBLA product.

144. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '908 patent. Genentech has no adequate remedy at law.

145. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(l)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,627,196

146. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

147. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(l)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the Baughman '196 patent. Genentech included the Baughman '196 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(l)(3)(A). Genentech also provided Amgen with a detailed

statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the Baughman '196 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

148. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the Baughman '196 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the Baughman '196 patent under 35 U.S.C. § 271(e)(2)(C)(i).

149. Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the Baughman '196 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████. *See supra* ¶ 36.

150. Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the Baughman '196 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

151. Amgen has knowledge of and is aware of the Baughman '196 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the Baughman '196 patent is willful.

ME1 27511836v.1

152.    By the filing of an aBLA that, on information and belief, includes a proposed package insert having directions that instruct patients to administer and/or use and medical practitioners to prescribe and/or administer the Amgen aBLA product, Amgen has an affirmative intent to actively induce infringement by others of one or more claims of the Baughman '196 patent, either literally or under the doctrine of equivalents.

153.    Upon information and belief, Amgen is aware, have knowledge, and/or are willfully blind to the fact that patients will administer and/or use and medical practitioners will prescribe and/or administer the Amgen aBLA product according to Amgen's proposed package insert and, therefore, will directly infringe at least one claim of the Baughman '196 patent, either literally or under the doctrine of equivalents.

154.    Upon information and belief, Amgen knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the Baughman '196 patent, either literally or under the doctrine of equivalents, by at least Amgen's proposed package insert for the Amgen aBLA product.

155.    Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the Baughman '196 patent. Plaintiffs have no adequate remedy at law.

156.    Plaintiffs are entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 7,371,379

157.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

158.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '379 patent.  Genentech included the '379 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).  Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '379 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

159.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '379 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '379 patent under 35 U.S.C. § 271(e)(2)(C)(i).

160.    Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '379 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement.  Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

ME1 27511836v.1

161.     Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '379 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

162.     Amgen has knowledge of and is aware of the '379 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint.  Amgen's infringement of the '379 patent is willful.

163.     By the filing of an aBLA that, on information and belief, includes a proposed package insert having directions that instruct patients to administer and/or use and medical practitioners to prescribe and/or administer the Amgen aBLA product, Amgen has an affirmative intent to actively induce infringement by others of one or more claims of the '379 patent, either literally or under the doctrine of equivalents.

164.     Upon information and belief, Amgen is aware, have knowledge, and/or are willfully blind to the fact that patients will administer and/or use and medical practitioners will prescribe and/or administer the Amgen aBLA product according to Amgen's proposed package insert and, therefore, will directly infringe at least one claim of the '379 patent, either literally or under the doctrine of equivalents.

165.     Upon information and belief, Amgen knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '379 patent, either literally or under the doctrine of equivalents, by at least Amgen's proposed package insert for the Amgen aBLA product.

166.     Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '379 patent.  Genentech has

no adequate remedy at law.

167.    Genentech is entitled to an injunction pursuant to at least 35 U.S.C.

§ 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283

preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United

States of the Amgen aBLA product.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,417,335

168.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

169.    Upon review of publicly available information and/or information provided by

Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent

infringement, either literally or under the doctrine of equivalents, could reasonably be asserted

by Genentech if a person not licensed by Genentech engaged in the making, using, offering to

sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '335

patent.  Genentech included the '335 patent in its disclosure of patents pursuant to 42 U.S.C.

§ 262(*l*)(3)(A).  Genentech also provided Amgen with a detailed statement that describes, on a

claim-by-claim basis, the factual and legal basis of its opinion that the '335 patent will be

infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C. § 262(*l*)(3)(C).

170.    Amgen submitted its aBLA to obtain approval to engage in the commercial

manufacture, use, or sale of ABP 980 before the expiration of the '335 patent.  Amgen has

therefore committed a technical act of infringement of one or more claims of the '335 patent

under 35 U.S.C. § 271(e)(2)(C)(i).

171.    Likewise, based on publicly available information and/or information provided by

Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will

infringe the '335 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its

activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ████████. *See supra* ¶ 36.

172. Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '335 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

173. Amgen has knowledge of and is aware of the '335 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the '335 patent is willful.

174. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '335 patent. Genentech has no adequate remedy at law.

175. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 9,249,218

176. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

177. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '218 patent. Genentech included the '218 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '218 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

178. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '218 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '218 patent under 35 U.S.C. § 271(e)(2)(C)(i).

179. Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '218 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

ME1 27511836v.1

180. Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '218 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

181. Amgen has knowledge of and is aware of the '218 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the '218 patent is willful.

182. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '218 patent. Genentech has no adequate remedy at law.

183. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XI
## INFRINGEMENT OF U.S. PATENT NO. 6,489,447

184. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

185. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '447 patent. Genentech included the '447 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

186.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '447 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '447 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XII
## INFRINGEMENT OF U.S. PATENT NO. 7,501,122

187.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

188.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '122 patent.  Genentech included the '122 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

189.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '122 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '122 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XIII
## INFRINGEMENT OF U.S. PATENT NO. 7,449,184

190.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

191.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted

ME1 27511836v.1

by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '184 patent. Genentech included the '184 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

192.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '184 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '184 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XIV
## INFRINGEMENT OF U.S. PATENT NO. 8,691,232

193.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

194.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '232 patent. Genentech included the '232 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

195.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '232 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '232 patent under 35 U.S.C. § 271(e)(2)(C)(i).

ME1 27511836v.1

## COUNT XV
## INFRINGEMENT OF U.S. PATENT NO. 7,993,834

196.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

197.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '834 patent.  Genentech included the '834 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).  Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '834 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

198.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '834 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '834 patent under 35 U.S.C. § 271(e)(2)(C)(i).

199.     Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '834 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement.  Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence

commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

200. Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '834 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

201. Amgen has knowledge of and is aware of the '834 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the '834 patent is willful.

202. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '834 patent. Genentech has no adequate remedy at law.

203. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XVI
## INFRINGEMENT OF U.S. PATENT NO. 8,076,066

204. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

205. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '066

– 43 –

patent. Genentech included the '066 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '066 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

206.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '066 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '066 patent under 35 U.S.C. § 271(e)(2)(C)(i).

207.    Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '066 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as █████████. *See supra* ¶ 36.

208.    Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '066 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

209.    Amgen has knowledge of and is aware of the '066 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this

Complaint. Amgen's infringement of the '066 patent is willful.

210. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '066 patent. Genentech has no adequate remedy at law.

211. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XVII
## INFRINGEMENT OF U.S. PATENT NO. 8,440,402

212. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

213. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '402 patent. Genentech included the '402 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '402 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

214. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '402 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '402 patent under 35 U.S.C. § 271(e)(2)(C)(i).

ME1 27511836v.1

215.     Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '402 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

216.     Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '402 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

217.     Amgen has knowledge of and is aware of the '402 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the '402 patent is willful.

218.     Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '402 patent. Genentech has no adequate remedy at law.

219.     Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XVIII
## INFRINGEMENT OF U.S. PATENT NO. 6,121,428

220.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

221.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '428 patent.  Genentech included the '428 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).  Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '428 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

222.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '428 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '428 patent under 35 U.S.C. § 271(e)(2)(C)(i).

223.    Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen has infringed the '428 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement.

224.    Amgen had knowledge of and was aware of the '428 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).  Amgen's infringement

ME1 27511836v.1

of the '428 patent was willful.

## COUNT XIX
## INFRINGEMENT OF U.S. PATENT NO. 6,620,918

225. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

226. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '918 patent. Genentech included the '918 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '918 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

227. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '918 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '918 patent under 35 U.S.C. § 271(e)(2)(C)(i).

228. Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '918 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence

– 48 –

commercial marketing of ABP 980 in the United States as early as ▮▮▮▮▮▮▮▮. *See supra* ¶ 36.

229.     Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '918 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

230.     Amgen has knowledge of and is aware of the '918 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint.  Amgen's infringement of the '918 patent is willful.

231.     Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '918 patent.  Genentech has no adequate remedy at law.

232.     Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XX
## INFRINGEMENT OF U.S. PATENT NO. 8,512,983

233.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

234.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '983

– 49 –

patent. Genentech included the '983 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '983 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C. § 262(*l*)(3)(C).

235. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '983 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '983 patent under 35 U.S.C. § 271(e)(2)(C)(i).

236. Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '983 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ████████. *See supra* ¶ 36.

237. Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '983 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

238. Amgen has knowledge of and is aware of the '983 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this

Complaint. Amgen's infringement of the '983 patent is willful.

239. Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '983 patent. Genentech has no adequate remedy at law.

240. Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XXI
## INFRINGEMENT OF U.S. PATENT NO. 8,574,869

241. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

242. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '869 patent. Genentech included the '869 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '869 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

243. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '869 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '869 patent under 35 U.S.C. § 271(e)(2)(C)(i).

ME1 27511836v.1

244.     Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '869 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement.  Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262(*l*)(8)(A) that it may commence commercial marketing of ABP 980 in the United States as early as ██████████. *See supra* ¶ 36.

245.     Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '869 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

246.     Amgen has knowledge of and is aware of the '869 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint.  Amgen's infringement of the '869 patent is willful.

247.     Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '869 patent.  Genentech has no adequate remedy at law.

248.     Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

ME1 27511836v.1

## COUNT XXII
## INFRINGEMENT OF U.S. PATENT NO. 9,714,293

249. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

250. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believes that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '293 patent. Genentech included the '293 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A). Genentech also provided Amgen with a detailed statement that describes, on a claim-by-claim basis, the factual and legal basis of its opinion that the '293 patent will be infringed by the commercial marketing of ABP 980, pursuant to 42 U.S.C.§ 262(*l*)(3)(C).

251. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '293 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '293 patent under 35 U.S.C. § 271(e)(2)(C)(i).

252. Likewise, based on publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech reasonably believes that Amgen will infringe the '293 patent in violation of 35 U.S.C. §§ 271(a), (b), and/or (g) as a result of its activities relating to the manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and its proposed ABP 980 drug product, as explained in Genentech's 3C Statement. Such infringement is imminent because, among other things, Amgen has purported to notify Genentech pursuant to 42 U.S.C. § 262())(8)(A) that it may commence

commercial marketing of ABP 980 in the United States as early as ███████████. *See supra* ¶ 36.

253.    Pursuant to 42 U.S.C. § 262(*l*)(9)(A) and 28 U.S.C. § 2201, Genentech is entitled to a declaratory judgment that Amgen's manufacture, importation, sale, offer for sale, use, and promotion of the use of the ABP 980 drug substance and Amgen's proposed ABP 980 drug product will infringe the '293 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (g).

254.    Amgen has knowledge of and is aware of the '293 patent, including due to Genentech's disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A) and the filing of this Complaint. Amgen's infringement of the '293 patent is willful.

255.    Genentech will suffer irreparable injury for which damages are an inadequate remedy unless Amgen is enjoined from infringing the claims of the '293 patent. Genentech has no adequate remedy at law.

256.    Genentech is entitled to an injunction pursuant to at least 35 U.S.C. § 271(e)(4)(B), 42 U.S.C. § 262(*l*)(8)(B), 35 U.S.C. § 271(a), (b), (g), and/or 35 U.S.C. § 283 preventing Amgen from the commercial manufacture, use, offer to sell, or sale within the United States of the Amgen aBLA product.

## COUNT XXIII
## INFRINGEMENT OF U.S. PATENT NO. 6,242,177

257.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

258.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '177

patent. Genentech included the '177 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

259. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '177 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '177 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXIV
## INFRINGEMENT OF U.S. PATENT NO. 6,586,206

260. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

261. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '206 patent. Genentech included the '206 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

262. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '206 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '206 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXV
## INFRINGEMENT OF U.S. PATENT NO. 6,870,034

263. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

ME1 27511836v.1

264.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '034 patent.  Genentech included the '034 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

265.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '034 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '034 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXVI
## INFRINGEMENT OF U.S. PATENT NO. 8,044,017

266.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

267.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '017 patent.  Genentech included the '017 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

268.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '017 patent.  Amgen has

therefore committed a technical act of infringement of one or more claims of the '017 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXVII
## INFRINGEMENT OF U.S. PATENT NO. 8,314,225

269.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

270.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '225 patent.  Genentech included the '225 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

271.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '225 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '225 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXVIII
## INFRINGEMENT OF U.S. PATENT NO. 8,357,301

272.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

273.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '301

patent. Genentech included the '301 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

274. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '301 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '301 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXIX
## INFRINGEMENT OF U.S. PATENT NO. 8,460,895

275. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

276. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '895 patent. Genentech included the '895 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

277. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '895 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '895 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXX
## INFRINGEMENT OF U.S. PATENT NO. 8,710,196

278. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

ME1 27511836v.1

279. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the cell culture '196 patent. Genentech included the cell culture '196 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

280. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the cell culture '196 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the cell culture '196 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXI
## INFRINGEMENT OF U.S. PATENT NO. 8,771,988

281. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

282. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '988 patent. Genentech included the '988 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

283. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '988 patent. Amgen has

ME1 27511836v.1

therefore committed a technical act of infringement of one or more claims of the '988 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXII
## INFRINGEMENT OF U.S. PATENT NO. 9,047,438

284.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

285.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '438 patent.  Genentech included the '438 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

286.    Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '438 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '438 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXIII
## INFRINGEMENT OF U.S. PATENT NO. 9,080,183

287.    Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

288.    Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '183

ME1 27511836v.1

patent. Genentech included the '183 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

289.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '183 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '183 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXIV
## INFRINGEMENT OF U.S. PATENT NO. 9,428,766

290.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

291.     Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '766 patent. Genentech included the '766 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

292.     Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '766 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '766 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXV
## INFRINGEMENT OF U.S. PATENT NO. 9,487,809

293.     Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

ME1 27511836v.1

294. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '809 patent. Genentech included the '809 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

295. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '809 patent. Amgen has therefore committed a technical act of infringement of one or more claims of the '809 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXVI
## INFRINGEMENT OF U.S. PATENT NO. 9,493,744

296. Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

297. Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(*l*)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '744 patent. Genentech included the '744 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(*l*)(3)(A).

298. Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '744 patent. Amgen has

therefore committed a technical act of infringement of one or more claims of the '744 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## COUNT XXXVII
## INFRINGEMENT OF U.S. PATENT NO. 9,868,760

299.   Plaintiffs incorporate by reference paragraphs 1-88 as if fully set forth herein.

300.   Upon review of publicly available information and/or information provided by Amgen pursuant to 42 U.S.C. § 262(l)(2), Genentech believed that a claim of patent infringement, either literally or under the doctrine of equivalents, could reasonably be asserted by Genentech if a person not licensed by Genentech engaged in the making, using, offering to sell, selling, or importing into the United States of ABP 980 prior to the expiration of the '760 patent.  Genentech included the '760 patent in its disclosure of patents pursuant to 42 U.S.C. § 262(l)(3)(A).

301.   Amgen submitted its aBLA to obtain approval to engage in the commercial manufacture, use, or sale of ABP 980 before the expiration of the '760 patent.  Amgen has therefore committed a technical act of infringement of one or more claims of the '760 patent under 35 U.S.C. § 271(e)(2)(C)(i).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Amgen and grant the following relief:

a.   a judgment that Amgen has infringed or induced infringement of one or more claims of the asserted patents under 35 U.S.C. § 271(e)(2)(C);

b.   a judgment that Amgen has infringed or will infringe, or has induced or will induce infringement, of one or more claims of the asserted patents by engaging in the

manufacture, import, offer for sale, sale, or use within the United States of the Amgen aBLA product before the expirations of the asserted patents;

c.      preliminary and/or permanent equitable relief, including but not limited to a preliminary and permanent injunction that enjoins Amgen, its officers, partners, agents, servants, employees, parents, subsidiaries, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with Amgen and/or its successors or assigns from infringing the asserted patents, or contributing to or inducing anyone to do the same, by acts including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of a product that infringes, or the use or manufacturing of which infringes the asserted patents;

d.      monetary damages in the event that Amgen imports, manufactures, or launches its biosimilar product and/or otherwise practices the patented inventions in the United States prior to the expiration of the asserted patents, including lost profits and/or a reasonable royalty, and an accounting and/or ongoing royalty for any post-judgment infringement;

e.      a judgment that Amgen's infringement was willful and enhancement of any monetary damages pursuant to 35 U.S.C. § 284;

f.      a declaration that this is an exceptional case and an award to Plaintiffs of their attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

g.      such other relief as this Court may deem just and proper.

ME1 27511836v.1

Respectfully submitted,

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com

*Counsel for Plaintiffs Genentech, Inc.
and City of Hope*

*Of Counsel:*

William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Andrew J. Danford
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
william.lee@wilmerhale.com
lisa.pirozzolo@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com
andrew.danford@wilmerhale.com

Robert J. Gunther Jr.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
robert.gunther@wilmerhale.com

Daralyn J. Durie
Adam R. Brausa
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
ddurie@durietangri.com
abrausa@durietangri.com

Dated: June 21, 2018

ME1 27511836v.1