IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENENTECH, INC. and CITY OF HOPE, | : :  : |
| *Plaintiffs*, | : : : Civ. No. 18-924- CFC. |
| v. | : : |
| AMGEN INC., | : : |
| *Defendant*. | : |

## MEMORANDUM ORDER

On September 4, 2019, Plaintiffs Genentech, Inc. and City of Hope (collectively, Genentech) filed the Third Amended Complaint in this action. D.I. 347. Defendant Amgen Inc. timely filed its Answer and Counterclaims to the Third Amended Complaint. D.I. 366. Genentech now moves under Federal Rule of Civil Procedure 12(f) to strike Amgen's Eleventh and Twelfth Affirmative Defenses and related counterclaims. D.I. 425.

Pursuant to Rule 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and ordinarily denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems,*

*Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). When ruling on a motion to strike, "the [c]ourt must construe all facts in favor of the nonmoving party . . . and deny the motion if the defense is sufficient under law." *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988).

"It has long been the rule in this district that in answering an amended complaint the defendant is free to answer not simply the amendments, but the new complaint, as if answering an original complaint." *Standard Chlorine of Del., Inc. v. Sinibaldi*, 1995 WL 562285, at *2 (D. Del. Aug. 24, 1995) (rejecting argument that defendants could not add new counterclaims in responding to an amended complaint without seeking leave of the court); *see also Berrada v. Cohen*, 2017 WL 6513954, at *1 (D.N.J. Dec. 20, 2017) (ruling that "Court leave is not required for a responsive pleading filed as of right," even where that responsive pleading adds "several new factual allegations and counterclaims"); *E.I. DuPont De Nemours & Co. v. Millennium Chems., Inc.*, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999) (denying plaintiff's motion to dismiss new counterclaims raised in answer to second amended complaint). Thus, Amgen's filing of a responsive pleading as of right allows it to "bring new counterclaims without regard to the scope of [Genentech's] amendment." *Mun. Revenue Serv., Inc. v. Xspand, Inc.*, 2006 WL

91358, at *2 (M.D. Pa. Jan. 12, 2006); *see also Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) (noting that Rule 15(a)(3) "does not direct a response to the 'amendment,' as it might have, but to the 'amended pleading'"). Genentech has only itself to blame for enabling Amgen to assert the defenses and counterclaims to which Genentech now objects. "[Genentech's] decision to amend its complaint opened the door to [Amgen] filing its counterclaims." *Mun. Revenue Serv.*, 2006 WL 91358, at *2.

Wherefore, IT IS HEREBY ORDERED that Genentech's Motion to Strike (D.I. 425) is DENIED.

Dated: February 12, 2020

UNITED STATES DISTRICT JUDGE