# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENENTECH, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMGEN INC.,<br><br>　　　　　　Defendant and Counterclaim Plaintiff. | C.A. No. 18-924-CFC-SRF<br><br>**Original Version Filed: Feb. 20, 2020**<br>**Public Version Filed: Feb. 27, 2020** |

## AMGEN'S OPENING LETTER IN ADVANCE OF FEBRUARY 25, 2020 DISCOVERY TELECONFERENCE

*Of Counsel:*

Michelle Rhyu
Daniel Knauss
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
650-843-5287
mrhyu@cooley.com
dknauss@cooley.com

Orion Armon
Eamonn Gardner
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4119
oarmon@cooley.com
egardner@cooley.com

Dated: February 20, 2020

SMITH, KATZENSTEIN & JENKINS, LLP

Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
10000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Defendant Amgen Inc.*

Dear Magistrate Judge Fallon:

Amgen respectfully requests that the Court compel Genentech to produce a witness to testify on Topics 50 and 51 in Amgen's Second Notice of 30(b)(6) Deposition. These topics seek testimony concerning Genentech's past admissions to the Patent Office that other patents than those scheduled to be litigated at the upcoming trial in this case drive sales of the branded drug at issue, Herceptin. This has significant implications for Genentech's damages claims because Genentech can only recover the value attributable to the asserted patents, and no more. Not surprisingly, Genentech has stymied Amgen's efforts to obtain this discovery. At first, Genentech refused to provide a witness, claiming that its written statements "speak for themselves." Later, after several rounds of correspondence, Genentech attempted to retroactively designate a witness after she testified, even though she provided no testimony about Genentech's admissions, and counsel for Amgen was not given any prior notice. The Court should not endorse Genentech's tactics to sidestep its discovery obligations.

I.     **Relevant Factual Background**

Here, Genentech claims that Amgen's manufacture and sale of its biosimilar drug, Kanjinti, infringes Genentech's asserted method patents. After Kanjinti was launched in the market, Genentech amended its complaint to seek money damages, including lost profits from lost sales of its drug Herceptin. Damages discovery is ongoing and trial is set for April 20, 2020.

On November 27, 2019, Amgen timely propounded 30(b)(6) deposition Topics 50 and 51, which sought a corporate representative to testify about Genentech's admissions in other court and administrative agency proceedings that Genentech patents *other than* the presently asserted patents-in-suit drove consumer demand for, and the commercial success of, Genentech's drug Herceptin. (Ex. A [Nov. 27, 2019 Amgen Inc.'s Second Notice of Deposition, at 1, and Topics 50-51].) Topics 50 and 51 are set forth below:

> 50. Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of consumer demand for Herceptin.
>
> 51. Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of commercial success of Herceptin.

The testimony that Amgen seeks is highly relevant to the appropriate measure of Genentech's damages, which must be tied to the incremental value provided by the alleged inventions of Genentech's patents-in-suit. As described in more detail below, Amgen narrowed these Topics during the meet-and-confer process to focus on Genentech's statements in other district court and Patent Office proceedings that three other patent families—and not the presently asserted patents—were the primary drivers of the commercial success of Genentech's drug Herceptin. Genentech made those arguments to preserve the validity of those patents. This includes, for example, Genentech's '213 Patent and '441 Patent:

1

- "Some of Genentech's most successful antibodies embody the '213 claims, including Herceptin… together generating billions of dollars in revenue annually. … This commercial success confirms the non-obviousness of the challenged claims." (Ex. B [*Celltrion, Inc. v. Genentech, Inc*. IPR2017-01373, Patent Owner's Response, Paper No. 38 at 66 (P.T.A.B. Mar. 8, 2018)]);

- "[T]he '441 invention has been an enormous commercial success. Herceptin® is the commercial embodiment of the '441 invention and one of the most successful drugs of all time. There is a direct nexus between Herceptin®'s commercial success and the '441 invention. From 1998 until 2006, the *only* approved first-line use of Herceptin® was in combination with a taxoid, as claimed in the '441 patent. … Following its launch, Herceptin® was quickly adopted, resulting in hundreds of millions of dollars in sales in those years immediately following its approval." (Ex. C [*Hospira, Inc. v. Genentech, Inc.*, IPR2017-00731, Patent Owner's Response, Paper No. 50 at 60 (P.T.A.B. Dec. 22, 2017)].)

Despite the relevance of the discovery that Amgen sought through Topics 50-51, Genentech refused to designate a witness to testify regarding either topic:

- On December 20, 2019, Genentech served Responses and Objections to Amgen's Second 30(b)(6) Notice, refusing to designate a witness to testify on Topics 50 and 51. (Ex. D [Genentech's Responses and Objections, dated Dec. 20, 2019] at 90-91.)

- On January 8, 2020, Amgen narrowed its request and explained in detail that Genentech should designate a corporate witness to testify regarding facts and data underlying Genentech's statements in various district court proceedings and *inter partes* reviews (including those cited above), because of the relevance of those statements to Genentech's claims for lost profits damages for lost sales of Herceptin.

- On January 20, 2020, Genentech served Amended Responses and Objections to Amgen's Second 30(b)(6) Notice, refusing again to designate a witness for Topics 50 and 51. (Ex. E [Genentech's Amended Responses and Objections, dated Jan. 20, 2020] at 90-91.)

- On January 22, 2020, Genentech informed Amgen that it maintained its objections. (*See* Ex. F [Jan. 22, 2020 Ltr from Wiener to Armon] at 3.) The next day, on January 23, 2020, Amgen deposed Melissa Abreu, Genentech's corporate witness designated on various other topics, but not Topics 50 and 51. At no point before or during Ms. Abreu's deposition did Genentech inform Amgen that they intended to designate Ms. Abreu to testify regarding Topics 50 and 51.

- On January 23, 2020, Amgen again demanded a corporate witness to testify on Topics 50 and 51, given that the Topics "are directly relevant to calculation of money damages based on alleged infringement of the patents-in-suit (including but not limited to lost profits and/or apportionment)." (Ex. G [Jan. 23, 2020 Ltr from Armon to Wiener] at 2-3.)

- On January 28, 2020—five days after Ms. Abreu's deposition—Genentech stated that Ms. Abreu had been prepared to answer questions regarding Topics 50-51, and claimed that

2

>Amgen could have asked Ms. Abreu about them. (Ex. H [Jan. 28, 2020 Ltr from Wiener to Armon] at 2.)

- On January 29, 2020, Amgen again set forth with specificity the scope of the requested testimony and sought to confer. (*See* Ex. I [Jan. 29, 2020 Ltr from Armon to Wiener] at 3.) The parties held final meet-and-confer teleconferences regarding Topics 50-51 on January 29 and 31, 2020, and reached an impasse.

**II.   The Court Should Compel Genentech To Produce a Witness to Testify Regarding Topics 50 & 51**

Amgen seeks facts that are highly relevant to the calculation of money damages in this case. Indeed, Genentech has never disputed the relevance of the information sought. It is well-established that, where multiple patents cover a product (or methods of making or using the product), damages may only be awarded for the apportioned value of each patent found to be infringed. *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1346 (Fed. Cir. 2003) (vacating and remanding lost profits award for the entire value of the device where the court failed to apportion damages to account for the infringing and non-infringing features driving customer demand); *see also Riles v. Shell Exploration and Prod. Co.*, 298 F.3d 1302, 1311–12 (Fed. Cir. 2002) (vacating reasonable royalty award for damage because patentee's evidence of a reasonable royalty based on the entire value of the product failed to associate the proposed royalty with the value of the patented method); *Ericsson, Inc. v. D–Link Sys., Inc.,* 773 F.3d 1201, 1233 (Fed. Cir. 2014) ("[T]he patent holder should only be compensated for the approximate incremental benefit derived from his invention."). Genentech's refusal to provide a witness to testify on Topics 50 and 51 improperly prevents Amgen from obtaining discovery that could substantially reduce the amount of any damages awarded in this case.

Genentech's initial refusal to designate a Rule 30(b)(6) witness regarding its own statements in proceedings before the U.S. Patent Office was baseless, claiming that these statements "speak for themselves." (Ex. D at 90-91.) Amgen is entitled to discover through deposition testimony the facts, data and background information underlying Genentech's admissions. In *Ethypharm S.A. France v. Abbott Laboratories*, this Court rejected similar arguments that a party's production of documents is sufficient to obviate a Rule 30(b)(6) deposition, and granted a motion to compel production of a 30(b)(6) witness. 271 F.R.D. 82, 94 n.89 (D. Del. 2010); *see also In re Vitamins Antitrust Litig.,* 217 F.R.D. 229, 233 (D.D.C. 2002) (rejecting the argument that the Rule 30(b)(6) deposition "would serve no useful purpose" because documents related to the topic had already been produced). Indeed, both parties to this lawsuit have designated Rule 30(b)(6) witnesses to testify about many other documents that contain party statements (for example, annual reports, contracts, and press releases).

Genentech's later claim, that Amgen could have and should have examined Ms. Abreu on Topics 50 and 51, is also baseless. Ms. Abreu was never designated for those topics, and she provided no testimony about Genentech's statements to the Patent Office. Designating a witness "after the fact is not an acceptable substitute for such designation being made prior to the deposition." *Hasbro, Inc. v. MGA Entm't, Inc.*, CA 06-262 S, 2006 WL 8456970, at *4 (D.R.I. Sept. 1, 2006) (rejecting attempt to retroactively designate a Rule 30(b)(6) witness and ordering production of a corporate witness). Amgen is entitled to know in advance what topics a witness

is prepared to offer testimony on behalf of Genentech, as it naturally affects the "questions which the witness may be asked and which s/he may be required to answer." *See id*. To ensure an orderly discovery process, Rule 30(b)(6) requires the noticing party to "describe with reasonable particularity the matters for examination," and the responding party to "set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). If Ms. Abreu was prepared to answer questions regarding Topics 50 and 51, Genentech should have designated her for those Topics and apprised Amgen of those designations within a reasonable time *before* the deposition of Ms. Abreu, but it did not.

Amgen seeks highly relevant testimony through Topics 50-51. Genentech has no legitimate basis to refuse to designate a corporate witness to testify regarding these Topics. Amgen thus respectfully requests that this Court compel Genentech to do so.

Respectfully submitted,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (No. 5369)

Enclosures

Cc:   Clerk of Court (via hand delivery)
      All Counsel of Record (via email)