# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENENTECH, INC.,

          Plaintiff,

   v.

AMGEN INC.,

          Defendant.

Case No. 18-924-CFC

███████████████

PUBLIC VERSION FILED:
FEBRUARY 28, 2020

## PLAINTIFF'S LETTER BRIEF IN OPPOSITION TO
## DEFENDANT'S FEBRUARY 20, 2020 DISCOVERY DISPUTE LETTER

Dated: February 21, 2020

*Of Counsel*:

William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Andrew J. Danford
Stephanie Neely
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA  02109

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007

Nora Passamaneck
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO  80202

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiff Genentech, Inc.*

Daralyn Durie
Adam Brausa
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111

Magistrate Judge Sherry Fallon
February 21, 2020
Page 1

Dear Judge Fallon,

Amgen's motion to compel Rule 30(b)(6) deposition testimony should be denied because Amgen's requests are impermissibly vague, overbroad and burdensome and because Genentech provided corporate testimony on effectively identical subject matter.

## I.   Background Facts Relevant to this Dispute

In this and other litigations, Genentech has pursued infringement of several patents relating to Herceptin. Among those patents are the "Dosing Patents," the "Cabilly Patents," the "Carter Patent," and the "Combination Chemotherapy Patents." (D.I. 79 ¶¶ 44, 47, 49.) These patents have been asserted or challenged in dozens of district court suits and *inter partes* review ("IPR") proceedings. In this litigation, Genentech also alleges that Amgen's Kanjinti manufacturing process infringes an additional Genentech patent, the "'869 Kao Patent." (D.I. 79 ¶ 68.) The Cabilly Patents and the Carter Patent have expired; the asserted claims of the Combination Chemotherapy Patents were invalidated in IPR proceedings (decisions that Genentech is currently challenging on appeal). The asserted claims of the Dosing Patents—which remain at issue in this case—recite methods of treatment of HER2-overexpressing cancer through extended dosing regimens for the therapeutic antibody trastuzumab used in Genentech's Herceptin and in Amgen's biosimilar Kanjinti. The '869 Kao Patent also remains at issue in this case.

Fact discovery closed on June 10, 2019. (D.I. 196.) Amgen launched Kanjinti "at risk"— i.e., before the expiration of the Dosing Patents and the '869 Kao Patent—on July 18, 2019. On September 4, 2019, Genentech filed an amended complaint seeking money damages. (D.I. 347.) On November 21, 2019, the Court entered the parties' stipulated request for a period of discovery directed to Genentech's claim for money damages. (D.I. 462.) Among other things, that schedule provided that (1) the parties would serve Rule 30(b)(6) deposition notices on November 27, 2019; (2) the parties would serve written objections and responses to their respective Rule 30(b)(6) deposition notices on December 20, 2019; and (3) the discovery period directed to Genentech's claim for money damages would close January 31, 2020. (D.I. 462.)

Pursuant to the agreed-upon schedule, the parties served Rule 30(b)(6) deposition notices directed to Genentech's claim for money damages on November 27, 2019. Several of Amgen's 81 topics were directed in whole or in part to drivers of consumer demand for Herceptin. For example, (1) Topic 49 was directed to "[a]ll drivers of consumer demand for Herceptin," (2) Topics 54, 59, and 63 were directed to the dosing regimens of the asserted claims of the Dosing Patents as drivers of demand for Herceptin; and (3) Topic 55 was directed to "[f]acts and data in [Genentech's] possession regarding the significance of a patient's HER2 positive/overexpressing status as a driver of demand for Herceptin"; and (4) Topics 56-58 were directed to "[f]acts and data in [Genentech's] possession regarding the significance of the inventions claimed in the" Carter Patent, Cabilly Patent, and Combination Chemotherapy Patents, respectively, "as drivers of demand for Herceptin." (Ex. A.) Topics 50-51, at issue here, were directed to the same substantive subject matter, seeking testimony regarding Genentech's "statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of consumer demand for [and commercial success of] Herceptin." (D.I. 510 at 1.)

In its December 20, 2019 written objections and responses, Genentech stated that it would

Magistrate Judge Sherry Fallon
February 21, 2020
Page 2

"designate one or more witnesses to testify" in relation to Topics 49, 54-59, and 63 "regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin." (Ex. B at 88-89, 96-107, 114-115.) However, Genentech objected to the two topics at issue here, Topics 50-51, because, among other things, the topics "fail[] to describe with reasonable particularity the matters on which examination is requested," because the topics are "unduly burdensome and overly broad," and because "any such filings speak for themselves; accordingly, the information sought by [these Topics] is more appropriately obtained through other means of discovery." (Ex. B at 90-91.) On December 23, 2019 and January 8, 2020, the parties met and conferred regarding their respective Rule 30(b)(6) positions. Counsel for Genentech maintained its position that Topics 50-51 are improper in view of the burden involved in attempting to prepare a witness regarding unspecified statements in unspecified filings and submissions and because any such statements would, in any event, speak for themselves. Accordingly, we requested that Amgen describe the testimony it sought more specifically. In response, counsel for Amgen stated that Amgen is entitled to testimony regarding whether Genentech "stands by" its prior statements in IPR proceedings and litigation; Amgen did not then—or since then—narrow Topics 50-51 to any specific set of statements or even any defined universe of such proceedings.

On January 15, 2020, Genentech informed Amgen that it would designate Genentech employee Melissa Abreu to testify regarding certain topics. Ms. Abreu's areas of knowledge were well-known to counsel for Amgen; during the liability discovery phase of the case, Ms. Abreu had testified as Genentech's corporate designee regarding, among other things, Herceptin marketing, market research, and commercial success. (Ex. C at 23, 49-54, 56, 58, 59-63, 80-82.) In its January 19, 2020 amended objections and responses to Amgen's Rule 30(b)(6) notice, Genentech formally designated Ms. Abreu to testify regarding Topics 49, 54-59, and 63, a set of topics that included, among other things, "[a]ll drivers of demand for Herceptin" as well as "[f]acts and data in [Genentech's] possession regarding the significance of the inventions claimed in the" Carter Patent, Cabilly Patent, Combination Chemotherapy Patents, and Dosing Patents. (Ex. D at 88-89, 96-107, 114-115.)

Although Amgen now suggests that it had "narrowed" Topics 50-51 during the parties' January 8 discussion (D.I. 510 at 2), its correspondence demonstrates otherwise; on January 20, 2020, Amgen stated that it "is entitled to discover the facts and data in Genentech's possession that support the statements referenced in [Topics 50-51]," which encompass "statements in any filing in any governmental regulatory agency . . . or administrative agency proceeding" as well as litigation and IPRs. (Ex. E at 3.) On January 22, 2020, Genentech reiterated that it was "willing to further consider the propriety of these topics if Amgen identifies the specific statements about which it seeks testimony." (D.I. 510 Ex. F at 3-4.)

Amgen took Ms. Abreu's Rule 30(b)(6) deposition on January 23, 2020. On January 29, 2020, Amgen reasserted that it was "entitled to discover the facts and data in Genentech's possession that support the statements referenced in [Topics 50-51], and in particular, the bases for Genentech's and its experts' statements in IPRs regarding the Cabilly, Carter, or . . . Combination Chemotherapy and Dosing Patents . . . related to drivers of consumer demand or commercial success of Herceptin." (D.I. 510 Ex. I at 3.) Even to the extent that formulation constituted any narrowing of Amgen's request—a debatable proposition, since Amgen did not

Magistrate Judge Sherry Fallon
February 21, 2020
Page 3

identify any specific statements—it came over a month after Genentech objected that Topics 50-51 "fail[] to describe with reasonable particularity the matters on which examination is requested," a full three weeks after Genentech requested that Amgen identify specific statements of interest, and just two days before the close of the damages fact discovery period. Genentech responded the following day, explaining that in light of Amgen's continued failure to provide the requested specificity and Genentech's prior objections, Genentech would decline to designate a witness to testify regarding Topics 50-51. (Ex. F at 3.) The parties met and conferred again the following day and maintained their positions.

## II.     Topics 50-51 Are Impermissibly Vague, Overbroad, and Burdensome

As Genentech noted in its original written objections and responses—and further explained when the parties met and conferred—Topics 50-51 fail to provide Genentech with sufficient information to prepare a witness to testify on its behalf. Herceptin has been the subject of multiple lawsuits over many years, and the patents at issue have been asserted in many of those suits and have been challenged in numerous IPR proceedings. In particular, the Carter Patent has been asserted or challenged in over a dozen district court and IPR cases, the Cabilly Patents have been asserted or challenged in over two dozen district court and IPR cases dating back to 2003, the Combination Chemotherapy Patents have been challenged in eight IPRs, and the Dosing Patents have been challenged in six IPRs. It would thus be unduly burdensome for Genentech to comb the files of all these proceedings, and separately to prepare a witness to testify regarding all of Genentech's statements regarding Herceptin, even assuming Amgen's January 29, 2020 letter narrowed the scope of this dispute, but Topics 50-51 are actually even far broader. They encompass not only litigation and IPRs but "any filing in any governmental regulatory agency"—sweeping in Genentech's nearly three-decade FDA history relating to Herceptin—as well as any other "administrative agency proceeding" (not just IPRs) (D.I. 510 at 1.)

Genentech attempted to avoid this dispute, requesting when the parties first met and conferred that Amgen identify the specific statements of interest. Amgen failed to do so then, or at any time prior to the deposition of Ms. Abreu, Genentech's designated witness regarding the subject matter at issue; i.e., drivers of demand for Herceptin (including the extent to which the Carter Patent, Cabilly Patents, Combination Therapy Patents, and Dosing Patents drive such demand). Indeed, even now Amgen has not identified the specific statements about which it seeks testimony, instead requesting that the Court order Genentech provide testimony regarding the full scope of Topics 50-51. Amgen's failure to obtain the desired testimony is a problem of its own making. *See Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162 (D. Del. 2001) (denying motion to compel because the moving party "had ample opportunity to obtain the discovery it now moves to compel within the discovery deadline").

## III.     Topics 50-51 Are Cumulative

Amgen cannot credibly contend that it was unable to obtain testimony regarding the drivers of demand for Herceptin.[1]

---

[1] Amgen's suggestion that the discovery at issue here "could substantially reduce the amount of any damages awarded in this case" is likewise meritless, as the only two examples Amgen provides demonstrate. The statements quoted in Amgen's brief are directed to the nexus

Magistrate Judge Sherry Fallon
February 21, 2020
Page 4

First, Topics 50-51 are among at least ten topics in Amgen's Rule 30(b)(6) notice directed to some aspect of that subject matter. Topic 49, for example, sought testimony regarding "[a]ll drivers of demand for Herceptin," while Topics 56-59 sought testimony regarding "[f]acts and data in [Genentech's] possession regarding the significance of the inventions claimed in the" Carter Patent, Cabilly Patent, Combination Chemotherapy Patents, and Dosing Patents. And as explained above, Genentech designated Ms. Abreu to testify regarding Topics 49 and 56-59, among others.

Ms. Abreu was prepared to and did testify regarding those topics. For example, she answered questions regarding (1) "whether . . . the most important consideration is whether the patient has HER2-overexpressing breast cancer"; (2) whether "the primary driver or market demand for Herceptin as a drug is the antibody molecule itself"; (3) "facts and data in [Genentech's] possession relating to market demand for the 8/6/3 dosing regimen" claimed in the Dosing Patents; (4) "information in [Genentech's] possession regarding the significance of the inventions described as being covered by the combination chemotherapy patents"; and (5) "information in [Genentech's] possession concerning the importance of the Cabilly patent inventions to the commercial value of Herceptin." (Ex. G at 24-25, 29, 37.)

Amgen's argument regarding Ms. Abreu's testimony misapprehends Genentech's position. Genentech did not attempt to designate her "after the fact" or "state[] that [she] had been prepared to answer questions regarding Topics 50-51 (D.I. 510 at 2-3); rather, Genentech pointed out that Amgen had ample opportunity to question a Genentech corporate designee about drivers of demand for Herceptin. (D.I. 510 Ex. H at 2.) That was true then, and is true now; Amgen has never (even now) complained about the scope of Ms. Abreu's preparation or knowledge.

Second, Topics 50-51 ***do not*** seek "facts, data and background information" as Amgen now claims it is entitled to. (D.I. 510 at 2.) Rather, they seek only testimony regarding "statements." (D.I. 510 at 1.) Amgen separately sought testimony regarding "facts and data" relating to demand for Herceptin through separate topics—i.e., Topics 49, 54-59, and 63—on each of which Amgen ***already had the opportunity to obtain Genentech's testimony***.

Third, Amgen's own correspondence and letter brief demonstrate that Amgen is ***already aware*** of the statements it considers relevant; indeed, that is the point of Genentech's objection that its statements "speak for themselves." If Amgen contends Genentech's past statements constitute party admissions, and to the extent they satisfy other evidentiary requirements, Amgen can seek to use them with or without Genentech's testimony regarding Topics 50-51.

Because Genentech has fulfilled its discovery obligations, Amgen's request should be denied. *Novartis*, 203 F.R.D. at 163 (denying motion to compel Rule 30(b)(6) testimony in part because "another deposition . . . would be cumulative to the testimony already procured").

---

between the commercial success of Herceptin and Genentech's challenged patents, but the extent of damages to which Genentech is entitled depends on the incremental value of the Dosing Patents to Amgen's product. And it is undisputed that Amgen made the decision that it could not launch Kanjinti without including the claimed dosing regimen, which itself proves that incremental value. (D.I. 275 at 8-9.) Whether other patents contribute value to Herceptin is orthogonal to the issues in this case. Regardless, as explained above, Genentech has not withheld any discovery regarding demand for Herceptin.

Magistrate Judge Sherry Fallon
February 21, 2020
Page 5

Dated: February 21, 2020

*Of Counsel*:

William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Andrew J. Danford
Stephanie Neely
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA  02109

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007

Nora Passamaneck
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO  80202

Daralyn Durie
Adam Brausa
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111

**MCCARTER & ENGLISH, LLP**

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiff Genentech, Inc.*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENENTECH, INC.,

      Plaintiff and Counterclaim Defendant,

      v.

AMGEN INC.,

      Defendant and Counterclaim Plaintiff.

C.A. No. 18-00924-CFC

## DEFENDANT AMGEN INC.'S SECOND NOTICE OF DEPOSITION OF PLAINTIFFS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Defendant Amgen Inc. ("Defendant" or "Amgen") will take the deposition by oral examination of Plaintiff Genentech, Inc. ("Genentech") on the topics set forth in the attached Schedule A, through one or more officers, directors, agents, or other persons designated by Plaintiff to testify on its behalf.

The deposition will take place before an officer duly authorized by law to administer oaths, at the office of Cooley LLP, 3175 Hanover St, Palo Alto, CA 94304, on a date or dates to be determined as mutually convenient for both parties. The testimony will be recorded stenographically and by videotape. The deposition will be taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

47.     Facts and data in Your possession regarding the business and financial terms on which You have granted a license to Amgen to any patent.

48.     Facts and data in Your possession regarding analyses You have performed regarding the business and financial terms on which You have considered authorizing any third-party to manufacture or sell an authorized biosimilar of any product of Yours.

49.     All drivers of consumer demand for Herceptin.

50.     Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of consumer demand for Herceptin.

51.     Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of commercial success of Herceptin.

52.     The commercial value to Genentech You ascribe to each of the inventions claimed in each asserted claim of each Patent-in-Suit.

53.     Facts and data in Your possession concerning market demand for the use of air sparging to prevent the reduction of disulfide bonds as claimed in the asserted claims of the '869 patent.

54.     Facts and data in Your possession relating to or reflecting market demand for the dosing regimens claimed in the asserted claims of the '196, '379, and '811 patents.

55.     Facts and data in Your possession regarding the significance of a patient's HER2 positive/overexpressing status as a driver of demand for Herceptin.

56.     Facts and data in Your possession regarding the significance of the inventions claimed in the Carter patent as drivers of demand for Herceptin.

57.     Facts and data in Your possession regarding the significance of the inventions claimed in the Cabilly Patents as drivers of demand for Herceptin.

58.     Facts and data in Your possession regarding the significance of the inventions claimed in the Combination Chemotherapy patents as drivers of demand for Herceptin.

59.   Facts and data in Your possession regarding the significance of the inventions claimed in the Dosing Patents as drivers of demand for Herceptin.

60.   Facts and data in Your possession regarding revenues (if any) that You attribute to the Dosing Patents asserted in this lawsuit.

61.   Facts and evidence in Your possession regarding pricing analyses for any extended dosing regimen for Herceptin involving dosing less frequently than weekly.

62.   Facts and evidence in Your possession regarding reimbursement analyses for any extended dosing regimen for Herceptin involving dosing less frequently than weekly.

63.   Facts and evidence in Your possession regarding patient demand for extended dosing regimens for Herceptin.

64.   Facts and data in Genentech's possession concerning non-infringing alternatives known to Genentech to any of the Patents-in-Suit.

65.   Facts and data in Genentech's possession concerning the market acceptability of non-infringing alternatives known to Genentech for any of the Patents-in-Suit.

66.   Facts and data in Genentech's possession concerning the cost of implementing non-infringing alternatives known to Genentech for any of the Patents-in-Suit.

67.   The costs incurred by Genentech to research and develop (including any clinical trials) each invention claimed in each asserted claim of each Patent-in-Suit.

68.   Facts and evidence concerning comparative analyses You have performed of weekly dosing of Herceptin to any extended dosing regimen.

69.   Facts and evidence in Your possession regarding the unacceptability to patients, doctors and/or payers of dosing Herceptin on a weekly dosing regimen.

70.   Market research or customer research that You have performed or commissioned concerning the acceptability of treating early breast cancer patients with trastuzumab on any dosing regimen that is not allegedly covered by the Dosing Patents.

71.   Facts and data in Your possession regarding manufacture outside the United States of Herceptin finished drug product, drug product or drug substance that is sold in the United States,

# EXHIBIT B

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENENTECH, INC.,

        Plaintiff,

v.

AMGEN INC.,

        Defendant and Counterclaim
        Plaintiff.

Case No. 1:18-cv-00924-CFC

## PLAINTIFF GENENTECH, INC'S RESPONSES AND OBJECTIONS TO DEFENDANT AMGEN, INC.'S SECOND RULE 30(b)(6) DEPOSITION NOTICE

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware, Plaintiff Genentech, Inc. ("Genentech") hereby objects and responds to the Second Notice of Deposition Pursuant to Rule 30(b)(6) dated November 27, 2019 (the "Notice") served by Defendant Amgen, Inc. ("Amgen").

## GENERAL OBJECTIONS

Plaintiff incorporates each of the following General Objections into its responses to each of the Topics for Examination ("Topics"), whether or not each such General Objection is expressly referred to in a response to a specific Topic.

1.      Genentech objects to the Notice, and to the Definitions and Topics contained therein, to the extent they seek to impose a burden on Genentech greater than or inconsistent with that required by the Federal Rules of Civil Procedure, including Rule 30(b)(6), the Local Rules, or any other relevant rule, statute, regulation, or precedent.

2.      Genentech objects to Amgen's definitions of "Plaintiff," "You," and "Your" as overbroad, unduly burdensome, and vague to the extent they purport to place the burden on

– 1 –

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 49:**

All drivers of consumer demand for Herceptin.

**RESPONSE TO TOPIC 49:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity.

Genentech further objects to this Topic as seeking information outside its possession,

custody, or control.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am.,*

*Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines*

*Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**TOPIC 50:**

> Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of consumer demand for Herceptin.

**RESPONSE TO TOPIC 50:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case.

Genentech further objects to this Topic because any such filings speak for themselves; accordingly, the information sought by this Topic is more appropriately obtained through other means of discovery.

Based on the foregoing General and Specific Objections, Genentech will not designate a witness to testify regarding this Topic.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 51:**

> Your statements in any filing in any governmental regulatory agency, court,
> or administrative agency proceeding, including in any inter partes review
> proceedings, regarding the drivers of commercial success of Herceptin.

**RESPONSE TO TOPIC 51:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case.

Genentech further objects to this Topic because any such filings speak for themselves;

accordingly, the information sought by this Topic is more appropriately obtained through other

means of discovery.

Based on the foregoing General and Specific Objections, Genentech will not designate a

witness to testify regarding this Topic.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 54:**

> Facts and data in Your possession relating to or reflecting market demand
> for the dosing regimens claimed in the asserted claims of the '196, '379, and
> '811 patents.

**RESPONSE TO TOPIC 54:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on information

that is subject to confidentiality obligations to third parties or that is protected by U.S. or foreign

data privacy laws and regulators.

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am.,

Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines*

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 55:**

> Facts and data in Your possession regarding the significance of a patient's
> HER2 positive/overexpressing status as a driver of demand for Herceptin.

**RESPONSE TO TOPIC 55:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad. Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on information

that is subject to confidentiality obligations to third parties or that is protected by U.S. or foreign

data privacy laws and regulators.

Genentech further objects to this Topic as improperly seeking party contentions through

deposition. *See, e.g., Intellectual Ventures II LLC v. Symantec Corp.*, C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am.,

Inc.*, C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines*

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 56:**

> Facts and data in Your possession regarding the significance of the
> inventions claimed in the Carter patent as drivers of demand for Herceptin.

**RESPONSE TO TOPIC 56:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case, including in that it seeks testimony regarding a patent other than the Patents-in-Suit.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp.*, C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am.,

Inc.*, C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines

Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29,

2016) (denying request to compel party to put forward a witness to testify on "de facto contention

deposition categories" that are "more properly the subject of expert testimony").

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 57:**

>Facts and data in Your possession regarding the significance of the inventions claimed in the Cabilly Patents as drivers of demand for Herceptin.

**RESPONSE TO TOPIC 57:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including in that it seeks testimony regarding patents other than the Patents-in-Suit.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**TOPIC 58:**

> Facts and data in Your possession regarding the significance of the
> inventions claimed in the Combination Chemotherapy patents as drivers of
> demand for Herceptin.

**RESPONSE TO TOPIC 58:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case, including in that it seeks testimony regarding patents other than the Patents-in-Suit.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am.,

Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines

Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29,

2016) (denying request to compel party to put forward a witness to testify on "de facto contention

deposition categories" that are "more properly the subject of expert testimony").

– 104 –

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 59:**

> Facts and data in Your possession regarding the significance of the inventions claimed in the Dosing Patents as drivers of demand for Herceptin.

**RESPONSE TO TOPIC 59:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad. Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on information that is subject to confidentiality obligations to third parties or that is protected by U.S. or foreign data privacy laws and regulators.

Genentech further objects to this Topic as improperly seeking party contentions through deposition. *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines*

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**TOPIC 63:**

> Facts and evidence in Your possession regarding patient demand for extended dosing regimens for Herceptin.

**RESPONSE TO TOPIC 63:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad. Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including in that it seeks testimony regarding dosing regimens other than the dosing regimens claimed in the asserted claims of the Dosing Patents.

Genentech further objects to the phrase "extended dosing regimens" as vague and ambiguous, and interprets the phrase to refer to the dosing regimens claimed in the asserted claims of the Dosing Patents.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on information that is subject to confidentiality obligations to third parties or that is protected by U.S. or foreign data privacy laws and regulators.

– 114 –

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Genentech further objects to this Topic as improperly seeking party contentions through deposition. *See, e.g., Intellectual Ventures II LLC v. Symantec Corp.*, C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate one or more witnesses to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

# EXHIBIT C

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GENENTECH, INC. and CITY OF HOPE,<br><br>Plaintiffs and<br>Counterclaim Defendants,<br><br>v.<br><br>AMGEN INC.,<br><br>Defendant and<br>Counterclaim Plaintiff. | Case No. 1:18-cv-00924-CFC |

## PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO
## DEFENDANT AMGEN, INC.'S RULE 30(b)(6) NOTICE

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware, Plaintiffs Genentech, Inc. ("Genentech") and City of Hope (together, "Plaintiffs") hereby object and respond to the First Notice of Deposition of Plaintiffs Pursuant to Rule 30(b)(6) dated April 1, 2019 (D.I. 115, the "Notice") served by Defendant Amgen, Inc. ("Amgen").

## GENERAL OBJECTIONS

Plaintiffs incorporate each of the following General Objections into their responses to each of the Topics for Examination ("Topics"), whether or not each such General Objection is expressly referred to in a response to a specific Topic.

1.      City of Hope objects to the Notice to the extent it purports to require testimony on behalf of City of Hope.  City of Hope does not own any patent that is among the narrowed set of patents identified to be litigated in this case.  Accordingly, City of Hope objects to the Notice as seeking information that is not relevant to the claims or defenses of any party to this litigation, not

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 10:**

> Your medical or sales communications with third parties concerning
> selection of patients for trastuzumab therapy using assays that test HER2
> gene amplification or HER2 protein overexpression, as well as the identity
> and location of persons most knowledgeable about this topic, and the
> identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 10:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, is not reasonably calculated to lead to the

discovery of admissible evidence, and seeks discovery that is not proportional to the needs of the

case.  Genentech objects to this Topic to the extent that it seeks or requires legal conclusions.

Genentech further objects to this Topic to the extent it is not limited to time.

Genentech objects to this Topic to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity.

Genentech also objects to this Topic to the extent it calls for information more

appropriately obtained from documents produced by Genentech.

Genentech objects to this Topic as vague and ambiguous, including the terms "medical or

sales communications."

Subject to and without waiving the foregoing General and Specific Objections, Genentech

will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge

of its medical and sales communications with third parties concerning selection of patients for

trastuzumab therapy using assays that test HER2 gene amplification or HER2 protein

overexpression occurring between 2016 to present.

– 23 –

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 31:**

>    Annual financial data since January 1, 2015, including unit sales, revenues,
>    gross and net profits, losses, costs, and promotional expenditures (including
>    expenditures for direct and indirect marketing, sales force/detailing,
>    rebates, and discounts), relating to making and selling Your trastuzumab
>    products, including Herceptin®, or any other product containing an
>    anti-erbB2 monoclonal antibody, as well as the identity and location of
>    persons most knowledgeable about this topic, and the identity and location
>    of documents concerning this topic.

**RESPONSE TO TOPIC 31:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested.  Genentech also objects to the Topic

as unduly burdensome and overly broad, and to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to

the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case, including to the extent it seeks testimony concerning profits or losses or all expenses, without

limitation, and because it is not limited to the United States.

Genentech objects to this Topic as vague and ambiguous, including the phrases "financial

data," "promotional expenditures," and "any other product containing an anti-erbB2 monoclonal

antibody."

Genentech also objects to this Topic to the extent it calls for information more

appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech

will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge

of HERCEPTIN® annual unit sales, revenues, gross and net profits, losses, costs, and promotional

expenditures since January 1, 2015.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 32:**

> Past, present, and projected market data (including market share and market demand by disease state or indication or dosing schedule) concerning Your trastuzumab products, including Herceptin®, or any other product containing an anti-erbB2 monoclonal antibody, as well as the identity and location of persons most knowledgeable about this topic, and the identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 32:**

Genentech objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product exemption, or any other applicable privilege or immunity.  Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs of the case, including to the extent the Topic seeks testimony concerning products other than HERCEPTIN® or markets outside the United States.

Genentech objects to this Topic as vague and ambiguous including the terms "market data," "market share and market demand by disease state or indication or dosing schedule," and "other product containing an anti-erbB2 monoclonal antibody."

Genentech also objects to this Topic to the extent it calls for information more appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge of the market for HERCEPTIN® in the United States.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 33:**

>    Your business plans for Your breast cancer therapeutic drug portfolio,
>    including Your lifecycle management plan for Herceptin®, as well as the
>    identity and location of persons most knowledgeable about this topic, and
>    the identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 33:**

Genentech objects to this Topic to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the work-product exemption, or any other applicable

privilege or immunity.  Genentech objects to this Topic to the extent that it fails to describe with

reasonable particularity the matters on which examination is requested and is unduly burdensome

and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead

to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs

of the case, including to the extent the Topic seeks testimony concerning products other than

HERCEPTIN® or markets outside the United States.

Genentech objects to this Topic as vague and ambiguous including the terms "business

plans," "breast cancer therapeutic drug portfolio," and "lifecycle management plan."

Genentech also objects to this Topic to the extent it calls for information more

appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech

will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge

of its current business plans for HERCEPTIN® in the United States.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 34:**

> Your business plans for responding to any biosimilar competition with
> Your trastuzumab products, including Herceptin®, or any other product
> containing an anti-erbB2 monoclonal antibody, as well as the identity and
> location of persons most knowledgeable about this topic, and the identity
> and location of documents concerning this topic.

**RESPONSE TO TOPIC 34:**

Genentech objects to this Topic to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the work-product exemption, or any other applicable

privilege or immunity.  Genentech objects to this Topic to the extent that it fails to describe with

reasonable particularity the matters on which examination is requested and is unduly burdensome

and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead

to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs

of the case, including to the extent the Topic seeks testimony concerning products other than

HERCEPTIN® or markets outside the United States.

Genentech objects to this Topic as vague and ambiguous including the terms "business

plans for responding to any biosimilar competition" and "other product containing an anti-erbB2

monoclonal antibody."

Genentech also objects to this Topic to the extent it calls for information more

appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech

will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge

of its current business plans for responding to any biosimilar competition with HERCEPTIN® in

the United States.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 35:**

> Analyses, projections, and forecasts of alleged lost sales or profits that You
> contend You will incur as a result of market entry by each seller of a
> biosimilar trastuzumab product, as well as the identity and location of
> persons most knowledgeable about this topic, and the identity and location
> of documents concerning this topic.

**RESPONSE TO TOPIC 35:**

Genentech objects to this Topic to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the work-product exemption, or any other applicable

privilege or immunity.  Genentech objects to this Topic to the extent that it fails to describe with

reasonable particularity the matters on which examination is requested and is unduly burdensome

and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead

to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs

of the case, including to the extent the Topic seeks testimony concerning products other than

HERCEPTIN® or markets outside the United States.

Genentech objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am.,
Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines
Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29,

2016) (denying request to compel party to put forward a witness to testify on "de facto contention

deposition categories" that are "more properly the subject of expert testimony").  Genentech

further objects to this Topic as premature to the extent that it seeks expert discovery in a manner

inconsistent with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Genentech objects to this Topic as vague and ambiguous including the terms "lost sales or profits" and "as a result of market entry by each seller of a biosimilar trastuzumab product."

Genentech also objects to this Topic to the extent it calls for information more appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate Melissa Abreu to testify concerning Genentech's current non-privileged general knowledge of Genentech's current analyses, projections, and forecasts of lost U.S. sales or profits for HERCEPTIN® as a result of market entry by biosimilar trastuzumab products.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 37:**

> Your business plans for Herceptin® after You lose patent exclusivity in the
> United States, as well as the identity and location of persons most
> knowledgeable about this topic, and the identity and location of documents
> concerning this topic.

**RESPONSE TO TOPIC 37:**

Genentech objects to this Topic to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the work-product exemption, or any other applicable

privilege or immunity.  Genentech objects to this Topic to the extent that it fails to describe with

reasonable particularity the matters on which examination is requested and is unduly burdensome

and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead

to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs

of the case.  Genentech further objects to this Topic to the extent that it calls for testimony about

legal conclusions.

Genentech objects to this Topic as vague and ambiguous including the terms "business

plans" and "lose patent exclusivity."

Genentech also objects to this Topic to the extent it calls for information more

appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech

will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge

of its current business plans for HERCEPTIN® in the United States after market entry by

biosimilar trastuzumab products.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 39:**

> Your public statements regarding biosimilars, including impacts on Your business, on Your oncology portfolio, and any benefits or drawbacks of biosimilar market entry to the U.S. healthcare system, as well as the identity and location of persons most knowledgeable about this topic, and the identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 39:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested and is unduly burdensome and overly broad. Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs of the case, including to the extent the Topic seeks testimony concerning products other than HERCEPTIN®, antibodies other than trastuzumab, and markets outside the United States.

Genentech objects to this Topic as vague and ambiguous, including the phrases "impacts on Your business," "Your oncology portfolio," and "benefits or drawbacks of biosimilar market entry to the U.S. healthcare system."

Genentech also objects to this Topic to the extent it calls for information more appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate Melissa Abreu to testify concerning Genentech's public statements regarding biosimilars.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 40:**

>All infringement-related harms You allege You will suffer due to market entry and sales of Defendant's trastuzumab biosimilar, including, but not limited to economic and non-economic harms; any evidence supporting an allegation that such harm will be irreparable and incalculable; and any evidence tying any alleged harm You allege You will suffer to infringement of any patent-in-suit, as well as the identity and location of persons most knowledgeable about this topic, and the identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 40:**

Genentech objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product exemption, or any other applicable privilege or immunity.  Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks discovery that is not proportional to the needs of the case.  Genentech further objects to this Topic to the extent that it calls for testimony about legal conclusions.  In particular, Genentech objects to this Topic as not relevant or reasonably proportional to the needs of the case to the extent that this topic purports to seek testimony with respect to the '744, and '106 patents, which are not currently asserted in this litigation, and with respect to non-asserted claims of the Patents-in-Suit.  Genentech further objects to this topic to the extent that it purports to seek testimony with respect to the '213 and '918 patents, which the parties are discussing dismissing from the case.

Genentech objects to this Topic as improperly seeking party contentions through deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp.*, C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").  Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

Genentech objects to this Topic as vague and ambiguous, including the phrases "infringement-related harms," "market entry and sales of Defendant's trastuzumab biosimilar," "economic and non-economic harms," "irreparable and incalculable," and "evidence tying any alleged harm You allege You will suffer to infringement of any patent-in-suit."

Based on the foregoing General and Specific Objections, Genentech will not designate a witness to testify in response to this topic as it relates to the '213, '918, '744, and '106 patents. Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge of the infringement-related harms Genentech will suffer due to market entry and sales of Defendant's trastuzumab biosimilar in the United States.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 41:**

> The marketing and promotion of each of Your trastuzumab products, including: (a) annual budgets for marketing and promotion; (b) sales and marketing strategies related to the product; (c) development of sales and marketing materials relating to the product; (d) content of sales and marketing materials relating to the product; and (e) Your plans to phase out, or to reduce marketing expenditures for, any trastuzumab product, as well as the identity and location of persons most knowledgeable about this topic, and the identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 41:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested.  Genentech also objects to the Topic as unduly burdensome and overly broad, and to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including to the extent it is not limited to HERCEPTIN®, is not limited to the United States, and is not limited to a reasonable time period.

Genentech objects to this Topic as vague and ambiguous, including the phrases "marketing strategies," "sales and marketing materials," and "plans to phase out, or to reduce marketing expenditures for, any trastuzumab product."

Genentech also objects to this Topic to the extent it calls for information more appropriately obtained from documents produced by Genentech.

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge of its current marketing and sales of HERCEPTIN® in the United States.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 42:**

> Patient and/or physician surveys that You are aware of, or were conducted by, on behalf of, at the request of, or with funding from, Genentech regarding Herceptin®, or any other product containing an anti-erbB2 monoclonal antibody, and responses to same that concern the prescribing habits of physicians, including how physicians have written, or may write prescriptions for Herceptin® or any biosimilar trastuzumab product, as well as the identity and location of persons most knowledgeable about this topic, and the identity and location of documents concerning this topic

**RESPONSE TO TOPIC 42:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested.  Genentech also objects to the Topic as unduly burdensome and overly broad, and to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including to the extent it is not limited to HERCEPTIN®, is not limited to the United States, and is not limited to a reasonable time period.

Genentech objects to this Topic to the extent that it seeks testimony on information that is subject to confidentiality obligations to third parties or that is protected by U.S. or foreign data privacy laws and regulators.

Genentech objects to this Topic as vague and ambiguous, including the phrases "marketing strategies," "sales and marketing materials," and "plans to phase out, or to reduce marketing expenditures for, any trastuzumab product."

Genentech also objects to this Topic to the extent it calls for information more appropriately obtained from documents produced by Genentech.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate Melissa Abreu to testify concerning Genentech's non-privileged general knowledge of its current patient and/or physician surveys regarding HERCEPTIN®.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 53:**

> All purported evidence of secondary considerations or objective indicia of
> non-obviousness of each claim of the following patents, including, but not
> limited to, unexpected results, commercial success, long-felt but unsolved
> need, failure of others, and copying, and the nexus between the subject
> matter claimed in each claim of the following patents and Herceptin®, as
> well as all purported evidence of teachings away in a reference or
> combination of references:
>
> a.   '213 patent;
>
> b.   '918 patent;
>
> c.   '196 patent, '379 patent, and '811 patent;
>
> d.   '834 patent, and '066 patent;
>
> e.   '983 patent, and '293 patent;
>
> f.   '869 patent; and
>
> g.   '744 and '106 patent,
>
> as well as the identity and location of persons most knowledgeable about
> this topic, and the identity and location of documents concerning this topic.

**RESPONSE TO TOPIC 53:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and overly

broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to

the claims or defenses of any party to this litigation, not reasonably calculated to lead to the

discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the

case.  In particular, Genentech objects to this Topic as not relevant or reasonably proportional to

the needs of the case to the extent that this topic purports to seek testimony with respect to the '744

and '106 patents, which are not currently asserted in this litigation, and with respect to

non-asserted claims of the Patents-in-Suit.  Genentech further objects to this topic to the extent that

it purports to seek testimony with respect to the '213 and '918 patents, which the parties are

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

discussing dismissing from the case.  Genentech objects to this Topic to the extent that it seeks or requires legal conclusions.

Genentech objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech objects to this Topic as improperly seeking party contentions through deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").  Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

Subject to and without waiving the foregoing General and Specific Objections, Genentech will designate:

- Steven Shak to testify concerning secondary considerations of non-obviousness other than commercial success relevant to the asserted claims of the '196, '379, and '811 patents;

- Robert Mass to testify concerning secondary considerations of non-obviousness other than commercial success relevant to the asserted claims of the '834 and '066 patents;

- Christina Bevilacqua to testify concerning secondary considerations of non-obviousness other than commercial success relevant to the asserted claims of the '983 and '293 patents;

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

- Melody Trexler-Schmidt to testify concerning secondary considerations of non-obviousness other than commercial success relevant to the inventions of the asserted claims of the '869 patent; and

- Melissa Abreu to testify concerning the commercial success of Herceptin.

Based on the foregoing General and Specific Objections, Genentech will not designate a witness to testify in response to this topic as it relates to the '213, '918, '744, and '106 patents.

# EXHIBIT D

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| GENENTECH, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMGEN INC.,<br><br>                    Defendant and Counterclaim<br>                    Plaintiff. | Case No. 1:18-cv-00924-CFC |

**PLAINTIFF GENENTECH, INC'S AMENDED RESPONSES AND OBJECTIONS TO
DEFENDANT AMGEN, INC.'S SECOND RULE 30(b)(6) DEPOSITION NOTICE**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware, Plaintiff Genentech, Inc. ("Genentech") hereby amends its objections and responses to the Second Notice of Deposition Pursuant to Rule 30(b)(6) dated November 27, 2019 (the "Notice") served by Defendant Amgen, Inc. ("Amgen").

**GENERAL OBJECTIONS**

Plaintiff incorporates each of the following General Objections into its responses to each of the Topics for Examination ("Topics"), whether or not each such General Objection is expressly referred to in a response to a specific Topic.

1.      Genentech objects to the Notice, and to the Definitions and Topics contained therein, to the extent they seek to impose a burden on Genentech greater than or inconsistent with that required by the Federal Rules of Civil Procedure, including Rule 30(b)(6), the Local Rules, or any other relevant rule, statute, regulation, or precedent.

– 1 –

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 49:**

> All drivers of consumer demand for Herceptin.

**RESPONSE TO TOPIC 49:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as seeking information outside its possession, custody, or control.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

     Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 50:**

> Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of consumer demand for Herceptin.

**RESPONSE TO TOPIC 50:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad. Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case.

Genentech further objects to this Topic because any such filings speak for themselves; accordingly, the information sought by this Topic is more appropriately obtained through other means of discovery.

Based on the foregoing General and Specific Objections, Genentech will not designate a witness to testify regarding this Topic.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 51:**

> Your statements in any filing in any governmental regulatory agency, court, or administrative agency proceeding, including in any inter partes review proceedings, regarding the drivers of commercial success of Herceptin.

**RESPONSE TO TOPIC 51:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad. Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case.

Genentech further objects to this Topic because any such filings speak for themselves; accordingly, the information sought by this Topic is more appropriately obtained through other means of discovery.

Based on the foregoing General and Specific Objections, Genentech will not designate a witness to testify regarding this Topic.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 54:**

> Facts and data in Your possession relating to or reflecting market demand
> for the dosing regimens claimed in the asserted claims of the '196, '379,
> and '811 patents.

**RESPONSE TO TOPIC 54:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and

overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead

to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs

of the case.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on

information that is subject to confidentiality obligations to third parties or that is protected by

U.S. or foreign data privacy laws and regulators.

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson*

*Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu  to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 55:**

> Facts and data in Your possession regarding the significance of a patient's
> HER2 positive/overexpressing status as a driver of demand for Herceptin.

**RESPONSE TO TOPIC 55:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and

overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead

to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs

of the case.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on

information that is subject to confidentiality obligations to third parties or that is protected by

U.S. or foreign data privacy laws and regulators.

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson

Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 56:**

> Facts and data in Your possession regarding the significance of the
> inventions claimed in the Carter patent as drivers of demand for Herceptin.

**RESPONSE TO TOPIC 56:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and

overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead

to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs

of the case, including in that it seeks testimony regarding a patent other than the Patents-in-Suit.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through

deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp.*, C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson

Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus.

Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D.

Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de

facto contention deposition categories" that are "more properly the subject of expert testimony").

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 57:**

> Facts and data in Your possession regarding the significance of the inventions claimed in the Cabilly Patents as drivers of demand for Herceptin.

**RESPONSE TO TOPIC 57:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including in that it seeks testimony regarding patents other than the Patents-in-Suit.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 58:**

> Facts and data in Your possession regarding the significance of the inventions claimed in the Combination Chemotherapy patents as drivers of demand for Herceptin.

**RESPONSE TO TOPIC 58:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including in that it seeks testimony regarding patents other than the Patents-in-Suit.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic as improperly seeking party contentions through deposition.  *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**TOPIC 59:**

> Facts and data in Your possession regarding the significance of the
> inventions claimed in the Dosing Patents as drivers of demand for
> Herceptin.

**RESPONSE TO TOPIC 59:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable

particularity the matters on which examination is requested, and is unduly burdensome and

overly broad. Genentech objects to this Topic to the extent that it seeks information that is not

relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead

to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs

of the case.

Genentech further objects to this Topic to the extent that it seeks information protected

from disclosure by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert

discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's

November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on

information that is subject to confidentiality obligations to third parties or that is protected by

U.S. or foreign data privacy laws and regulators.

Genentech further objects to this Topic as improperly seeking party contentions through

deposition. *See, e.g., Intellectual Ventures II LLC v. Symantec Corp*., C.A. 13-440-LPS (D. Del.

June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A.

14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson*

*Am., Inc*., C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus.*

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**TOPIC 63:**

> Facts and evidence in Your possession regarding patient demand for extended dosing regimens for Herceptin.

**RESPONSE TO TOPIC 63:**

Genentech objects to this Topic to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, and is unduly burdensome and overly broad.  Genentech objects to this Topic to the extent that it seeks information that is not relevant to the claims or defenses of any party to this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or seeks discovery that is not proportional to the needs of the case, including in that it seeks testimony regarding dosing regimens other than the dosing regimens claimed in the asserted claims of the Dosing Patents.

Genentech further objects to the phrase "extended dosing regimens" as vague and ambiguous, and interprets the phrase to refer to the dosing regimens claimed in the asserted claims of the Dosing Patents.

Genentech further objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Genentech further objects to this Topic as premature to the extent that it seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's November 21, 2019 Order regarding Damages and Third-Party Subpoena Discovery (D.I. 462).

Genentech further objects to this Topic to the extent that it seeks testimony on information that is subject to confidentiality obligations to third parties or that is protected by U.S. or foreign data privacy laws and regulators.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Genentech further objects to this Topic as improperly seeking party contentions through deposition. *See, e.g., Intellectual Ventures II LLC v. Symantec Corp.*, C.A. 13-440-LPS (D. Del. June 12, 2015) (Stark, J.), Tr. at 37-38; *Sanofi-Aventis, U.S. LLC v. Eli Lilly and Company*, C.A. 14-113-RGA-MPT (D. Del. Feb. 26, 2015) (Thynge, J.), Tr. at 87; *Axiohm IPS Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR (D. Del. Mar. 28, 2001) (Robinson, J.), Tr. at 4; *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc*, No. CV 15-137-LPS, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying request to compel party to put forward a witness to testify on "de facto contention deposition categories" that are "more properly the subject of expert testimony").

Subject to and without waiving the foregoing General and Specific Objections, Genentech designates Melissa Abreu to testify regarding Genentech's general knowledge regarding drivers of demand for trastuzumab, including market research Genentech has produced relating to drivers of demand for Herceptin.

# EXHIBIT E

# THIS DOCUMENT HAS

# BEEN REDACTED IN ITS

# ENTIRETY

# EXHIBIT F

# THIS DOCUMENT HAS

# BEEN REDACTED IN ITS

# ENTIRETY

# EXHIBIT G

# THIS DOCUMENT HAS

# BEEN REDACTED IN ITS

# ENTIRETY